## BASSETT *vs.* KINNEY.

An agent, with whom money is deposited for a definite owner, is chargeable with the interest which he receives for the use of such money.

A railroad corporation deposited with K, the treasurer of the county of N, the money awarded as damages to the plaintiff for his land, taken for the purposes of their road, and also paid K a commission for receiving, keeping and paying over the same. K immediately deposited such money in an incorporated bank, where it remained for more than a year, when it was paid to the

plaintiff. The bank afterward allowed and paid to K, interest for one year at four per cent., upon the amount of such deposit. Held, in an action against K, for money had and received, that the plaintiff was entitled to said interest.

THIS was an action for money had and received, brought originally against Jacob W. Kinney, who died during the pendency of the suit, and the present defendant, as the executrix of his will, was made a party.

The cause was tried before the jury, in the superior court, at the August term, 1855.

On the trial, it was proved, that the New Haven and New London railroad company, in October, 1852, deposited with Kinney, as treasurer of New London county, for the use of the plaintiff, the sum of eight thousand dollars, the amount of damages awarded to the plaintiff, for certain land taken by the company, for purposes connected with their road, and at the same time paid him two and a half per cent. on the amount thereof, as his commissions, for receiving, keeping, and paying over the same.

The money, thus received for the plaintiff's use, was, by Kinney, immediately deposited in the Norwich bank, where it remained a little over a year, when it was paid to the plaintiff, upon his application. After the money had been paid to the plaintiff, the directors of the bank allowed and paid to Kinney, four per cent. upon the amount of the deposit, for one year, amounting to the sum of three hundred and twenty dollars.

As soon as the plaintiff was informed of the payment of the interest to Kinney, he demanded the same of him, which Kinney refused to pay, and thereupon the plaintiff brought the present suit.

Upon these facts, the court instructed the jury, that the plaintiff was entitled to recover the amount of the interest paid to Kinney, with interest from the time of the demand. The jury returned their verdict accordingly, and the defend-

ant filed his motion for a new trial, and the case was reserved for the advice of this court.

The cause was submitted without argument.

*J. A. Hovey,* for the plaintiff.

*Foster,* for the defendant.

WAITE, C. J. The money, when deposited by the railroad company in the hands of Kinney, became the property of the plaintiff. It was substituted by the company for the land, which they had taken for their use. The interest, paid by the bank, was paid for the use of the plaintiff's money, and became as much his property, as the principal itself.

It was upon this principle that the case of *Willis* v. *The Commissioners of Appeals in Prize Causes,* proceeded. 5 East, 22. There, a portion of the cargo of a captured ship had been condemned and sold by agents appointed for that purpose. Upon an appeal to the commissioners, the decree of condemnation was reversed, and the agents were ordered to pay over to the owners, the net proceeds of the sale, together with the interest from the time of the sale. Upon an application to the court of king's bench, for a prohibition against further proceedings, relating to the payment of interest, that court refused to interfere, upon the ground that it was to be presumed, that the commissioners had found that the agents had made interest from the funds in their hands, and if so, they were accountable for it. Lord Ellenborough, C. J. " The case is not brought forward, on the ground of contract, but simply on the ground that the proceeds had got into the hands of the agents, and have there grown and accumulated, producing the interest sought to be recovered." And Le Blanc, J. remarked, that taking interest to have been made, he considered it as composing part of the proceeds.

And in the case of *Rogers* v. *Boehm and others,* where the plaintiff sought to recover interest upon money remitted to

the defendants, Lord Kenyon observed, that there were cases in which the rules of equity and law were the same; that it had been decided, in a court of equity, " that if money had been remitted to an agent, and he suffered it to remain dead in his hands, he should not be liable to interest, but that if he mixed it with his own, or made use of it, he should be subject to the charge of interest." 2 Esp. Cas., 703.

It is true that Kinney was under no obligation to place the funds deposited with him as treasurer of the county, upon interest. Had he locked them up in his chest, or merely deposited them in the bank for safe keeping, and received no compensation for the use of them, he would not have been accountable for interest. But having placed them where they drew interest, that interest must be considered as having the same ownership, as the principal, which produced the interest.

A similar rule applies to funds in the hands of executors and trustees. It was formerly held that, as they were not bound to lend, and if they did so, it was at their peril, and as they were liable to bear the loss, they were entitled to the gain. But that doctrine was overruled by Lord Thurlow, and an executor or trustee may now be considered as chargeable with interest, whenever he appears to have made interest. 2 Fonb., Eq., 183, note p. *Newton* v. *Bennett*, 1 Bro. Chan. R., 359.

In this respect an agent, with whom money is deposited for a definite owner, stands in a different situation from that of an auctioneer or stakeholder, with whom funds are deposited for the benefit of one of two claimants, and who is bound to keep them and have them ready to pay over to the party entitled to them, as soon as the question of title is determined. In such case he is not generally chargeable with interest, although he may have used them as his own. *Jones* v. *Mallory*, 22 Conn. R., 386. *Harrington* v. *Hoggart*, 1 B & A., 577. 20 E. C. L. R., 443. *Lee* v. *Munn*, 8 Taun., 45 4 E. C. L. R., 14.

But in neither of these capacities did Kinney receive the money. The very instant it came into his hands, it became the property of the plaintiff, and entitled him to all the interest accruing upon it.

In our opinion, therefore, the charge of the court below was right, and we do not advise a new trial.

In this opinion, the other judges, STORRS and HINMAN, concurred.

A new trial not granted.