––––––o––––––

Edward Ring, Plaintiff in Error, *vs.* Mississippi River Bridge Company, Defendant in Error.

1. *Damages—Railroads, suits against—Proceedings for condemnation—Appeal bond in.*—In an action of damages against a railroad company for appropriating plaintiff's land, it is no defense to the suit that defendant had commenced proceedings for condemnation of the property, and had appealed to the Supreme Court from the report of the commissioner. The appeal bond would not be held as an indemnity for plaintiff's damages.

2. *Railroads—Condemnation—Failure of company to pay damages—Trespass—Road liable for action of, when.*—The owner of land taken for railroad purposes may demand payment of his damages as a condition precedent to the appropriation. But if he waives this right, and permits the company to proceed in the construction of its work, he may nevertheless have his action at any time against the road for the injury done to his property. Where the road

Ring v. Mississippi River Bridge Co.

fails to deposit with the clerk the amount assessed as damages, (Wagn. Stat., 327, § 3) but appeals from the report of the commissioners, any further interference with the property, till the question of damages is determined, would be trespass and render the company liable to an action therefor.

### *Error to Louisiana Court of Common Pleas.*

*Sharp & Broadhead*, for Plaintiff in Error : cited in argument, Walther vs. Warner, 25 Mo., 277 ; Evans vs. Haefner, 29 Mo., 141.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his suit for damages against the defendant, for taking possession of and appropriating a strip of ground belonging to him, for the construction of a road track and approaches to their bridge.

The answer, among other things, set up that in pursuance of authority the defendant entered upon the premises for the purpose of appropriating the ground to build a track connecting the bridge with the railroad ; that it took steps to have the same condemned by a proceeding duly instituted ; that commissioners were appointed to view the premises and ascertain the amount of damages arising from the location and construction of the approach to the bridge, and that they made their report, which was approved by the Circuit Court, and judgment was rendered against the defendant thereon ; that the defendant took an appeal to the Supreme Court, and gave an appeal bond in double the amount of the judgment ; that the appeal was taken prior to the institution of this suit, and was still pending, and that by reason of the premises the plaintiff was fully indemnified against the supposed wrong or injury done by the defendant, and should, therefore, not be permitted to maintain his action.

The plaintiff filed his motion to strike out this portion of defendant's answer, because it constituted no legal defense, which motion was overruled. Plaintiff then took a non-suit, and after an unsuccessful effort to set the same aside, he sued out his writ of error to this court.

We suppose that the ground upon which the court below based its judgment was, that the appeal bond which the defendant gave in the proceedings for condemnation was a sufficient indemnity, and might be regarded as a compensation. But we think this is a mistaken view.

The appeal bond is not a bond for the payment of damages, but it is an obligation conditioned for the prosecution of the appeal with effect, and if the appeal is prosecuted with effect, and the case is reversed for some error of law, then the conditions are avoided, and the liability thereon ceases.

The principle is too well settled to require any argument or citation of authorities, that a company cannot condemn, appropriate or take possession of property and convert it to their own use, unless they make compensation to the owners. The owner has the right to demand as a condition precedent, the payment of his damages, but if he waives this right, and does not object to the company proceeding in the construction of their work, still he is entitled to proceed at any time for the trespass or injury done to his property. Section 3 of the statute, (Wagn. Stat., 327) in relation to the appropriation and condemnation of lands, provides that when the report of the commissioners is received and recorded by the clerk, the company shall pay to the clerk the amount assessed for the benefit of the party in whose favor the assessment is made, and on making such payment it shall be lawful for the company to hold the interest in the land. Section 4 then provides that on exceptions filed, the report of the commissioners shall be reviewed, but that notwithstanding such exceptions, the company may proceed to construct their road, and any subsequent proceedings shall only affect the amount of compensation to be allowed.

Both of the above sections must be construed together. When the report of the commissioners is received, the company may pay to the clerk the amount of damages assessed for the use of the party entitled thereto. They have then furnished the means for making compensation, and if the party does not accept, the company may nevertheless proceed

with the construction of their work, and the subsequent proceedings will only affect the amount of compensation. But if the company excepts and no deposit of the amount is made with the clerk, as the law requires, then they have no right to interfere with the property till the matter is finally determined and the title is acquired. If they do so they are simply trespassers, and liable to be proceeded against. The statute never intended to give them such a power, and the legislature would be incapable of bestowing it.

It may be very convenient for the party who is interested to invade and use private property without paying for it, but the Constitution interposes, and says it shall not be taken, unless compensation is made for it. If the company is not satisfied with the assessment of damages, and will not pay the money over to the clerk for the use of the party whose land is so sought to be taken, unless with his consent and license, they have no right to enter upon and use the land, till the proceedings in condemnation are finally concluded and this compensation is paid. If they do they are liable for damages.

I am therefore of the opinion that the judgment should be reversed and the cause remanded. All the judges concur.