## WRIGHT v. BEHRENS.

In actions upon contract for the payment of money, the defendant, after suit brought, may tender a sum less than the plaintiff's demand, so as to save costs subsequent to the tender, if the plaintiff fails to recover in excess of the tender.

On rule to show cause.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *John Garrick.*

For the defendant, *Gilbert Collins.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The principal question discussed in this case is whether, in actions upon contract for the payment of money, a sum less than the plaintiff's demand can be tendered by the defendant after suit brought, so as to save costs subsequent to the tender; if the plaintiff fails to recover in excess of the sum tendered.

The practice of allowing money to be paid into court by the defendant, after suit brought, where the action is instituted to recover upon a contract for the payment of money, was introduced in England in the reign of Charles II.   In such cases, when the dispute is not whether anything, but how much, is due to the plaintiff, the defendant may have leave to bring into court any sum he chooses, and the court will make a rule that, unless the plaintiff accept of it, with costs, in discharge of the action, it shall be struck out of the declaration, and paid out of court to the plaintiff or his attorney, and the plaintiff, upon the trial, shall not be permitted to give evidence for the sum brought in.   This rule should be accompanied with the general issue or other plea to the residue of the demand.   2 *Arch. Prac.* 199 ; 1 *Tidd's Prac.,* (3d *Am. ed.,*) 619 ; *Elliot* v. *Callow,* 2 *Salk.* 597.

In *Kay* v. *Panchiman,* 2 *W. Bl.* 1029, the court declared this practice to be very ancient, citing in support of it a case from 2 Keble.

Lord Mansfield recognized this rule to be just and reasonable in *Hallet* v. *East India Company,* 2 *Burr.* 1120, and held that if the plaintiff refused to accept the sum tendered, with costs, he should proceed at his peril, and if he failed to prove more to be due him than the money brought in, there must be a verdict for defendants.

This practice, borrowed from the King's Bench, prevails in Massachusetts.   *Boyden* v. *Moore,* 5 *Mass.* 366 ; *Williams* v. *Injersoll,* 12 *Pick.* 345.

Wright v. Behrens.

That this is not a new question in this state will appear by reference to *The State Bank at New Brunswick* v. *Holcombe*, 2 *Halst.* 193, in which the practice is treated as settled, and the rule declared to be, that if the plaintiff proceeds after the money is paid into court, and does not recover more than the sum paid in, he shall recover costs only up to the time of such payment. The defendant may tender to the plaintiff any sum he chooses, with an offer to pay the costs of the suit, to be taxed forthwith by the clerk of the court. If the plaintiff refuses to accept the offer, the defendant may apply for a rule that he have leave to bring the money so tendered into court, with the costs to be taxed, and that thereupon, unless the plaintiff shall accept such sum, with the costs, in full discharge of his claim, on account of which the tender is made, the said sum shall be struck out of the plaintiff's declaration, and paid out of court, with the costs, to the plaintiff or his attorney, and upon the trial of the issue, the plaintiff shall not be permitted to give evidence of the same.

In such case, if the plaintiff on the trial do not prove more due to him than the sum so paid, there must be a verdict for the defendant.

In this case, the summons was drawn by the plaintiff's attorney, on the 28th day of July, 1876, and laid upon his table to be delivered to the sheriff for service. On the 1st day of August, the defendant tendered the plaintiff the sum of $648.74. The jury found the debt due to the plaintiff, at that date, to be the sum of $647.27. The question is, whether $1.47, tendered in excess of the debt, was sufficient to cover the costs then accrued.

Without settling what the full costs would have been, it is enough to say that the plaintiff would have been entitled at least to the following items:

|  | Att'y. | Cl'k. |
|---|---|---|
| Retainer, warrant of attorney, copy and filing... | $1.17 | .08 |
| Summons, drawing and sealing... | .34 | .48 |
| Entering action... |  | .10 |

· The practice of bringing money into court is adopted to relieve the defendant where he is willing to pay, but has failed to make tender before suit brought. After tendering debt and costs, he stands on the same ground as if the plaintiff refuses a tender and subsequently institutes his suit, in which tender is pleaded.

In the latter case, the defendant must take care, at his peril, to tender a sufficient amount, and if he does not, he must fail on the issue of tender submitted to the jury.

In the case now under consideration, the deficiency is very insignificant, but the defendant has no right to withhold anything due to the plaintiff, however small. This is not a case in which the maxim, " de minimis non curat lex," applies. The plaintiff was entitled to exact the full amount due him, and the offer of a less sum would not support the plea of tender.

In *Boyden* v. *Moore*, 5 *Mass.* 370, where the deficiency was forty-one cents, Chief Justice Parsons ruled that the tender was insufficient.

The sum offered on the 1st day of August having been less than the debt and costs, the defendant can derive no advantage from his tender.

The rule to show cause is refused, and the plaintiff has leave to enter judgment, with costs.