H. A. HAEUSSLER, Plaintiff in Error, v. JAMES DUROSS, Defendant in Error.

#### June 12, 1883.

1. TENDER AND ACCEPTANCE. — A withdrawal by the plaintiff of money paid into court in discharge of the demand sued on is as an acceptance of a tender.

2. PRACTICE. — A plaintiff who so withdraws money can not afterwards claim that it was accepted merely as a payment on account.

3. —— A plaintiff who, in accordance with the profert, accepts money paid into court in discharge of the demand sued on thereby ends the suit and is liable for all costs which accrue thereafter.

ERROR to the St. Louis Circuit Court, THAYER, J.

Affirmed.

E. J. O'BRIEN, for the plaintiff in error.

HENRY HITCHCOCK, for the defendant in error.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case is substantially as follows: Plaintiff, for himself and all others in interest who may be joined herein, states that on March 15, 1876, Geo. W. Lubke conveyed to defendant a lot in the Grand Prairie common fields, particularly described, on which was erected "Elleardsville Hall." This lot was conveyed to Lubke in trust. Amongst the persons beneficially interested in the trust were Hymers, Massey, Sellers, and McGlenn. Defendant executed a declaration of trust, whereby he agreed to receive the rents and profits of the premises, pay all expenses of ownership, and distribute any surplus among the parties named in the declaration of trust, including those named above. The aggregate interest of the beneficiaries was $8,049.85; of which Hymers owned $1,447; Sellers, $95.45; Massey, $254, and McGlenn, $143. These four assigned to plaintiff all their interest in the trust, and he holds the same, of which defendant had notice. The

trust property has been disposed of by defendant, and the trust closed, and defendant has received, net, from the trust property $2,414.70, but has failed to pay over to plaintiff his proportionate share, which is $482, for which and interest he asks judgment.

The second count states that one of the terms and conditions of the trust was, that defendant should hold the premises during the pleasure of the creditors named in the declaration of trust, and pay over the proceeds to them in exact proportion to their respective claims; that the interests of the beneficiaries were as set out above; that defendant sold the property on October 11, 1881, for $4,000, and received the proceeds; that plaintiff is assignee of the four persons named above, and has demanded his proportionate share of the proceeds of the sale, which defendant refuses to pay. Plaintiff asks judgment for $1,000 and interest.

The third count, after setting up the matters of inducement in the other counts, alleges that defendant, by said declaration of trust, agreed that all questions as to the management of the trust property should be decided by a majority vote of the beneficiaries; that defendant, in March, 1878, and repeatedly since, was offered $5,000 for the property, and refused to sell; that, on January 25, 1881, a majority of the beneficiaries, by vote, directed defendant to sell, at private sale, before April 15, 1881, at a fixed price, and, as an alternative, to sell on June 15, 1881, at public auction. That, in violation of his agreement, defendant refused and neglected to obey these instructions, and did not sell until, on October 11, 1881, defendant sold the trust property to his partner in business, and another, for $4,000, which was an inadequate price. For this plaintiff asks damages in the sum of $2,000.

The answer of defendant denies these charges, and sets up an agreement between himself and the beneficiaries under which the property was bought by him as trustee, and by

which the trustee was to assess all the beneficiaries *pro rata*, if the rents and profits should not meet the necessary expenses of the trust. He avers that one Gordon obtained judgment against the property on a mechanic's lien; that defendant by legal advice resisted this claim, but the lien was sustained in the court of appeals; and, the Elleardsville Hall Association being insolvent, defendant was obliged to pay this judgment to save the property; and, in order to meet the expenses incurred, he made a *pro rata* assessment, as provided by the agreement, which was paid by all the beneficiaries except plaintiff, who refused to contribute. That the property was sold on October 11, 1881, for $4,000, at the special direction of plaintiff and other creditors; and, after deducting a reasonable compensation for himself as trustee, defendant divided all the proceeds of the trust fund amongst the beneficiaries *pro rata*, who, except plaintiff, all received this *pro rata*, and discharged defendant from further liability about the trust. The answer further says that the *pro rata* of plaintiff for the four claims represented by him, is $704.65, which defendant tendered to plaintiff before the action, and now deposits in court, that plaintiff may receive the same pursuant to the tender.

The answer is accompanied with exhibits; amongst others, one which purports to be a statement of all items received and expended by the trustee from the inception of the trust, showing a balance in his hands of $704.65, being a dividend of $36 1/3$ per centum due to Hymers, Sellers, Corby, and McGlenn, who have not made settlement.

The reply of plaintiff sets up that the agreement to change date of sale was not made until after defendant had failed to comply with the order of sale at the first date, nor until after defendant was sued by plaintiff; and denies that $653.95 is a reasonable charge for defendant's services; says that defendant had no right to pay the Gordon claim, or to borrow money for that purpose; and denies that defendant,

before the suit, offered to pay plaintiff anything, except on condition that plaintiff would sign a release.

The transcript further shows that on the 10th of March, 1882, the clerk of the court was ordered to pay to plaintiff $704.65, theretofore deposited as a tender to plaintiff; and that, on the 3rd of May, 1882, it appearing to the court that plaintiff has accepted the tender of $704.65, made by defendant with his answer, and deposited with the clerk of the court, and defendant has paid all costs up to the time of the deposit, and all costs made by defendant since, leaving due $2.70 costs, made by plaintiff since he accepted the deposit, it is ordered by the court that defendant go hence without a day and recover of plaintiff said $2.70, costs, etc.

It further appears that a motion for new trial was filed and overruled. The motion itself does not appear.

We do not see any error on the face of this record.

The object of this tender and payment into court was to enable plaintiff, if he saw fit, to accept the amount conceded by defendant to be due, so as to put an end to the litigation.

Appellant contends that his acceptance of the money paid into court is not to be taken as an admission that the rest of the demand was unfounded, and that he had a right to accept this money *pro tanto*, and continue the litigation.

But a tender must be accepted as made. The payment of money into court had the effect of a tender; and if the money is taken out of court by plaintiff, when expressly offered as in full of plaintiff's claim, plaintiff can not afterwards say that the tender was accepted, not as made, in satisfaction of the entire demand, but merely as a payment on account. And the proper practice where plaintiff elects to take the money tendered and paid into court in full of the claim, is to order the money paid over to him; and he is certainly liable for costs made by him after that date.

We have carefully examined all the authorities cited by plaintiff in support of his position, but we do not find that they give any support to it.

*Storey* v. *Krenson* (55 Ind. 401), is to the effect that a conditional tender is insufficient. *Eslow* v. *Mitchell* (26 Mich. 500) decides that mere tender, which does not pay the debt, may, nevertheless, discharge a lien. *Thomas* v. *Wiesmann* (44 Wis. 339), is to the effect that payment of part of a claim pending suit does not prevent the plaintiff from recovering the balance. In *Spaulding* v. *Vandercock* (2 Wend. 431), it is held that payment by defendant into court admits the cause of action to the amount paid in, but nothing more. These rulings are in accordance with what we understand to be the law of tender, but seem to be aside from the question presented by this record.

The case cited by appellant (*Sleght* v. *Rhinelander*, 1 Johns. 192,) goes only to this, that when defendant, in an action on a policy of insurance, under a rule of court, paid the premium into court under a count to recover the premium, the plaintiff, by taking this money out of court, was not precluded from proceeding for a total loss under the other counts of his petition, where there was an evident understanding between counsel at the time, though not reduced to writing, that this was done without prejudice to the right of plaintiff to proceed on his other counts. It was contended that the agreement, not being in writing, could not be set up, and that plaintiff was therefore concluded, but the court held otherwise. In *Hildyard* v. *Blowers* (5 Esp. 69), it was held that where money short of plaintiff's demand had been paid into court by defendant and taken out by plaintiff, it was admissible, in another action, to show *quo animo* this was done, and it was not to be taken, in the other action, as an admission that the rest of the demand was unfounded. But it was not held that this reception of the money did not conclude plaintiff as to his right to recover in the action

in which it was paid and received.  The case was this:
Plaintiff sued defendant, a dealer in coals, under a statute,
for selling him coal and delivering short weight by sixteen
bushels.   There had been a former action in which the coal
dealer had sued the plaintiff in the statutory action, for
the coal sold and delivered.   In this former action the
buyer had paid into court the value of the coal, less the
price of sixteen bushels.   This the coal dealer had taken
out of court; and in the statutory action it was urged that
this was conclusive as to the short delivery.   But Lord
Ellenborough said, that as the act of taking the money in
the suit for the value of the coal was the act of the attor-
ney, he would be admitted to state that he had advised his
client to take the money to avoid litigation, the amount
being so small, and not as admitting a defective delivery.
*Johnston* v. *Ins. Co.* (7 Johns. 315), merely holds that
the payment of money into court under a rule, in an
action brought under the common-law forms of action, was
an admission of the cause of action as alleged in the declar-
ation, and that the only question left would be the amount
of damages.   And this was undoubtedly the rule under the
common-law practice, where money might be paid into court
generally, or under this or that count.   1 Tidd Pr. 619.

But there is nothing, of course, in any of these cases which
in the least militates against the well known rule that a
tender must be accepted as made.   Under the old system,
the plaintiff, if he accepted the money paid into court,
accepted it as paid.   He accepted it in discharge of the
count under which it was paid, or, if paid generally, as Tidd
says, " when money is brought into court, plaintiff either
accepts it with costs in discharge of the suit, or proceeds
in the action."   1 Tidd Pr. 626.   The effect of payment
into court has always been held to be similiar to a tender;
and when, as in the case at bar, there is a plea of tender
accompanied by a *profert in curia*, together with a state-
ment in the pleading that this sum is in full of all demands,

and all that defendant owes plaintiff on account of anything alleged in the petition, there can, we think, be no doubt, that if plaintiff, by withdrawing the money from court, accepts this tender, he accepts it as made, and that must end the litigation.

In the present case, the money was not tendered or paid into court in discharge of one count of plaintiff's petition, but in full of all for which defendant was liable on account of any matter growing out of his management of the trust for which plaintiff seeks to call him to account, and this is apparent from the pleadings.

The judgment is affirmed. All the judges concur.