Snyder v. Cowan.

---

SNYDER, *Appellant*, v. COWAN.

Division Two, February 27, 1894.

Railroad Condemnation Proceeding: DEPOSIT: INTEREST. Where in a condemnation proceeding by a railroad to obtain a right of way the company pays the clerk the sum awarded by the commissioners, such money becomes the property of the landowner, so that he is entitled to the interest received thereon by the clerk; and this is true, although the owner refused to accept the amount awarded, and by subsequent proceeding had his award increased.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*B. R. Vineyard* for appellant.

(1) When a deposit is made to or with a party in a special character or capacity, then, when the trust shall have terminated, the delivery should be made to the party for whom, or for whose benefit the deposit may have been made.  Story on Bailments [9 Ed.], sec. 109.  And this is so, though the deposit may have been made in the name of the party making it.  *Utley v. Tolfree*, 77 Mo. 307.  (2) The foregoing principle applies in all cases where the deposit is made with one who occupies a trust relation to a third party, whether it be that of an administrator (*State v. Thornton*, 56 Mo. 325) or guardian (*Finney v. State*, 9 Mo. 227) or sheriff (*State to use v. Fitzpatrick*, 64 Mo. 185).  (3) In the exercise of the right of eminent domain for railroad purposes under our statutes, the money deposited upon the coming in of the report of the commissioners is and must be deposited with the clerk by the company "for the party" whose land is being taken, and must be unconditional.  1 R. S. 1889, sec. 2736; *Kanne v. Railroad*, 30 Minn. 423.  (4) As showing plaintiff's interest in the money deposited with the clerk for him, it has been decided that, if plaintiff had sold and conveyed the lots condemned after such deposit, his deed would not have transferred plaintiff's right in or to the money.  *Hilton v. St. Louis*, 99 Mo. 208; *Losch's Appeal*, 109 Pa. St. 72.  (5) Certainly the plaintiff was entitled to the interest ($325.37) collected by the clerk, for the use of the $9,200, between the date of the deposit thereof by the railroad company and the verdict of the jury; because the clerk during all that time, was the depositary of and for the plaintiff, the company having filed no exceptions whatever to the award of the commissioners.

*Lancaster, Hall & Pike* for respondent.

(1) The plaintiff having refused to accept the sum on deposit with the clerk, did not become the owner of it, and therefore did not become entitled to the interest. (2) After the return of the verdict by the jury, Snyder lost all right, if any he had, to the deposit in the clerk's hands. Snyder's title to said deposit depended, of course, upon the award made by the commissioners. The new appraisement before the jury was had at his own request, and "it *ipso facto* annulled and set aside the award of the commissioners" (*Railroad v. Cox*, 41 Mo. App. 499–502) and his title to the deposit went with the award. (3) Snyder was entitled to interest on the new appraisement from the date of the report of the commissioners. (4) "Where, pending an appeal, the party condemning deposits the damages awarded and takes possession, if the owner secures an increase of the award, he should have interest on the whole award from the date of possession," in this state from the report of the commissioners. Lewis on Eminent Domain, sec. 499; *Railroad v. Gammage*, 63 Ga. 604; *Hayes v. Railroad* 64 Iowa, 753; *Railroad v. Brown*, 13 Neb. 317; *Railroad v. Koblentz*, 21 Ohio St. 334; Pierce on Railroads, 220.

BURGESS, J.—This suit was brought to recover of defendant $723.50 received by him as interest on money deposited with him as clerk of the circuit court for the use and benefit of plaintiff.

Plaintiff was the owner of certain lots in the city of St. Joseph over which the St. Joseph & Iowa Railroad sought to condemn a right of way, and, being unable to agree as to the compensation to be allowed, the railroad company instituted proceedings for that purpose. Commissioners, who were duly appointed,

assessed plaintiff's damages at $9,200, which the railroad company paid to the defendant as clerk for him. He declined to accept the money, and on December 8, 1888, filed in the office of said clerk his written exceptions to the report of the commissioners. The court then ordered an appraisement before a jury which awarded plaintiff the sum of $14,000, and judgment was rendered accordingly. From that judgment the railroad company appealed to this court where it was subsequently affirmed.

Thereafter the railroad company paid to the defendant as clerk a sum of money, which, together with the amount theretofore paid, amounted to $14,910, being the amount of said judgment and interest thereon from the date of its rendition to the time of its payment at six per cent. per annum. Thereafter the defendant deposited the money in the bank, and for the use thereof received in the way of interest the amount here in controversy, $723.50, which plaintiff claims was received by defendant on his, plaintiff's, money as and for his use and benefit.

A general demurrer to the petition was interposed by the defendant which was sustained, judgment rendered thereon in favor of defendant and against plaintiff who appealed to the Kansas City court of appeals, where the judgment of the court below was reversed, but because of the dissent of one member of that court the cause was certified to this.

It was admitted by the counsel for defendant upon the argument of this cause in this court that about the time of or shortly after the report of the commissioners and the payment of the $9,200 to the defendant for plaintiff, the railroad company took possession of the right of way condemned and builded its road thereon.

If the money in controversy was received by defendant as interest for the use of money which

belonged to plaintiff, then plaintiff is entitled to recover in this action and the judgment of the court of appeals reversing that of the circuit court should be affirmed. Defendant held the funds in the capacity of trustee, not otherwise, and if by hiring it out or making use of it in any manner he realized a profit therefrom, he holds such profit for the use and benefit of the person to whom the principal sum belongs. *Cruce v. Cruce*, 81 Mo. 676; *Bent v. Priest*, 86 Mo. 475; *Bassett v. Kinney*, 24 Conn. 267. It is against the policy of the law for a trustee to speculate on a trust fund in his hands, and if he does he will be required to account for all profits of whatever kind he may thus realize.

Defendant contends that as plaintiff refused to accept the compensation allowed him by the commissioners but filed exceptions to their report and was thereafter awarded a trial before a jury for the ascertainment of his damages, the money paid to him by the railroad company in conformity with the report of the commissioners did not belong to plaintiff, and that as the principal sum did not belong to him, it necessarily follows that the interest derived by the loan of the principal sum does not.

Section 21, of the bill of rights declares that "private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner therein divested."

By section 4, article 12, state constitution, it is provided that: "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain,

any incorporated company shall be interested either for or against the exercise of said right."

Section 2736, Revised Statutes, 1889, provides for the appointment of three commissioners to assess the damages which the owners of the condemned property may sustain and which they are required to report to the clerk of the court. It also provides that the "company shall pay to the said clerk the amount thus assessed, for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid; and upon failure to pay the assessment aforesaid, the court may, upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution."

By section 2738, if either party is dissatisfied with the amount of damages assessed, it is provided that "the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party in the clerk's office, within ten days after the service of the notice aforesaid; and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown. Such new appraisement shall, at the request of either party, be made by a jury, under the supervision of the court, as in ordinary cases of inquiry for damages; but notwithstanding such exceptions, such company may proceed to erect said telephone or telegraph line, or construct said road or railroad; and any subsequent proceedings shall only affect the amount of compensation to be allowed."

After the railway company had complied with the report of the commissioners by paying to defendant as clerk of the circuit court for the use and benefit of

plaintiff the amount of damages assessed by the commissioners, it had the right, as it did do, to take possession of the land condemned for its right of way, and to construct its roadbed over the same. It had then done all that the constitution and laws of the state required of it before appropriating plaintiff's land to its own use. Then, when the money had been paid into court by it for plaintiff and no exceptions had been filed by the railroad company to the report of the commissioners, the money thus paid in was his, and he had the right to demand and receive it from the clerk at any time that he chose. *Railroad v. Clark*, 119 Mo. 357. The payment of the money into court by the railroad company was in the nature of a tender *(Railroad v. Clark, supra)*, which plaintiff had the right to accept at any time; and this even though the report was ignored or set aside of his motion, and a trial before a jury awarded him upon the question of damages by whose verdict he received a much larger amount than that which was awarded him by the commissioners.

The railroad company, never, at any time after the expiration of the ten days after filing the commissioners' report, which was given it by law to file exceptions thereto, and it failed to do so, had any right to withdraw the money deposited, or any control over it. To whom, then. did it belong? Not the railroad company, nor the clerk, but as a matter of course it belonged to the plaintiff for whose use and benefit it was paid into court. When the constitution says that unless the amount of damages awarded by the commissioners shall be paid to the owner, or into the court for the owner, it means a payment without any reservation or conditions, otherwise it would be no payment at all. Until this is done the land of the citizen can not by the exercise of the right of eminent domain, be taken and

appropriated to public uses without his consent and against his will.

Defendant was under no obligation to place the funds deposited with him as clerk of the court upon interest. "Had he locked them up in his chest, or merely deposited them in the bank for safe keeping, and received no compensation for the use of them, he would not have been accountable for interest. But having placed them where they drew interest, that interest must be considered as having the same ownership as the principal which produced the interest." *Bassett v. Kinney, supra.* As the principal sum was the plaintiff's, it follows that the interest earned by it is his also.

The fact that plaintiff also recovered interest from the railroad company on the damages awarded him is no defense to this action.

The judgment of the court of appeals should be affirmed and it is so ordered. GANTT, J., concurs *in toto*; SHERWOOD, J., concurs specially.