CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, *Appellant*, v. EUBANKS.

Division One, November 7, 1895.

Railroad Condemnation: AWARD: INTEREST. Where, in a railroad condemnation proceeding, the award money is paid into court, the landowner is not entitled to interest pending the determination of exceptions to the commissioner's report.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop, I. H. Kinley*, and *S. W. Moore* for appellant.

The exact question here presented was decided adversely to the respondent by the supreme court of Missouri in *Railroad v. Fowler*, 113 Mo. 458. It was there held that the land owner is not entitled to interest on the award, since he has the right to withdraw it at any time.

*Syd. B. Burks, Thos. Shackelford*, and *Crawley & Son* for respondent.

Appellant, having failed to file such an abstract of the record as is required by rule 15 of this court, the appeal should be dismissed. *School Dist. v. Clark* (Oct. term, 1892, of this court); *Hansman v. Hope*, 20 Mo. App. 193.

ROBINSON, J.—This is a proceeding under the statute for the condemnation of a right of way through the lands of defendant in Chariton county, for the use of plaintiff railway company.

After the usual formal preliminaries, commissioners filed their report awarding to defendant the sum of $1,600 as his damages for the appropriation. Plaintiff then paid into court for the use of defendant the amount of the award, filed its exceptions to the report of the commissioners, took possession of the condemned strip of land and began the construction of its road thereon; and when the case first came on for hearing in the circuit court, demanded a jury, which being denied by the court, an appeal was prosecuted to this court for the determination of that question solely.

The case was reversed, and at the second trial thereof before a jury, plaintiff, at the close of its testimony, withdrew its exceptions to the commissioners' report; whereupon the court, at the request of defendant and against the objections of plaintiff, approved the report of the commissioners and directed a judgment against plaintiff, the appellant herein, for the sum of $2,113.60, the original award of the commissioners with interest thereon at six per cent per annum from date of the appropriation to the date of trial.

After an unsuccessful motion for a new trial, on the alleged grounds of error of the court in the allowance of interest upon the original award, this appeal was prosecuted to the Kansas City court of appeals and from that court ordered transferred to this court on the grounds that "a proceeding by a railroad company to condemn land for its right of way is a suit involving title to real estate within the meaning of section 12, article 6, of the constitution."

The sole question presented is, whether or not

defendant is entitled to interest upon the award of the commissioners. If he is entitled to interest, then the judgment must be sustained; if not, then the judgment must be reversed.

The identical question involved in this appeal has frequently been before this court for review, and with the single exception of the case of *St. Louis, etc., Co. v. Evans & Howard Brick Co.*, 85 Mo. 307, which seems to support the contention of respondent, this court has decided that interest can not be allowed on the award, as the land owner has the right to withdraw and use the money pending the proceedings for the reassessment of the damages on his exceptions.

The plaintiff complied with all the requirements of the constitution and statutes in such cases provided, and paid into court for the use of defendant $1,600, the full amount of the award of damages to defendant by the commissioners, and, being placed with the court for the use of defendant, he will not be permitted to have its use or its right of use, and at the same time the interest thereon. The money thus paid by the appellant into court, the defendant had the right to withdraw at any time, without regard to what might become of the exceptions to the report of the commissioners.

In a suit by a landowner to recover interest received by the clerk of the court on money paid into his hands by a railroad company on the award of commissioners appointed to appraise and assess the landowner's damages, pending the determination of the exceptions filed thereto, BURGESS, Judge, in the case of *Snyder v. Cowan*, 120 Mo. 389, speaking for the court, uses this language: "To whom, then, did it [the money] belong? Not the railroad company, nor the clerk, but as a matter of course it belonged to the plaintiff, for whose use and benefit it was paid into court. When the constitution says that unless the amount of

damages awarded by the commissioners shall be paid to the owner, or into the court for the owner, it means a payment without any reservation or conditions, otherwise it would be no payment at all. * * * Defendant was under no obligation to place the funds deposited with him as clerk of the court upon interest. 'Had he locked them up in his chest, or merely deposited them in the bank for safe keeping, and received no compensation for the use of them, he would not have been accountable for interest. But having placed them where they drew interest, that interest must be considered as having the same ownership as the principal which produced the interest.' * * * As the principal sum was the plaintiff's, it follows that the interest earned by it is his also."

Applying the reasoning of that case to the facts in this, would it not follow from defendant being entitled to the interest earned by the deposit as well as the deposit itself, that he and not the railroad company must be responsible for its nonproduction, and that he would not be entitled as against the railroad company to interest on funds subject alone to his disposition and to him belonging during all the time between the award of the commissioners to the final disposition of all exceptions to that award?

By section 21 of article 2 of the constitution, as well as by section 2736, Revised Statutes, 1889, the landowner's property shall not be disturbed or his proprietary right therein divested, until the award of the commissioners shall be paid to the landowner, or into court for him, and as the money is paid in for him, subject at all times to his disposition, the railroad company can not be required to pay interest on defendant's money by his carelessness or obstinacy left idle

and unproductive. *Railroad v. Clark*, 121 Mo. 169; *Railroad v. Fowler*, 113 Mo. 458.

Judgment reversed, and the cause remanded with directions that the circuit court enter judgment for defendant for $1,600. BRACE, C. J. and MACFARLANE, J., concur, and BARCLAY, J., concurs in the result.