CITY OF ST. LOUIS, Appellant, v. SENTER COMMISSION COMPANY ET AL., Defendants, BLANKE-WENNEKER CANDY COMPANY, a Corporation, Respondent.—124 S. W. (2d) 1180.

Division Two, February 21, 1939.

*E. H. Wayman, Jno. T. Hicks* and *Francis J. Sullivan* for appellant.

*Israel Treiman* and *Morris J. Levin* for respondent.

COOLEY, C.—Appeal by the City of St. Louis, plaintiff, from an order and judgment of the circuit court of said city allowing interest in the sum of $14,875 upon a fund paid into court in condemnation proceedings.

Plaintiff city had instituted proceedings, pursuant to its charter and ordinances, for the widening and improvement of Market Street, requiring the condemnation of private property. Blanke-Wenneker Candy Company, a corporation, was lessee of certain real estate in which it had installed "trade fixtures" which it claimed to own. The commissioners appointed to assess benefits and damages awarded said corporation the sum of $85,000 as damages, which award was confirmed by the circuit court by its judgment, entered May 17, 1932, which judgment, unless reversed on appeal, was the final judgment in the condemnation proceedings. The city, on May 19, 1932, appealed and the judgment was affirmed by this court April 16, 1935. [See City of St. Louis v. Senter Commission Co. et al., 336 Mo. 820, 82 S. W. (2d) 87.] After entry of said judgment of May 17, 1932, and before the order or judgment allowing interest—the subject of the present appeal—Blanke-Wenneker Candy Company discontinued business, went into receivership and then took steps looking to liquidation and dissolution, in which liquidating trustees were appointed. They were duly substituted for the corporation. No question is raised as to their authority to act for the corporation. For the purposes of this case the corporation may, for convenience and brevity, be referred to as defendant and respondent.

After it had taken its appeal from the final judgment in the con-

demnation proceeding and on, to-wit, May 25, 1932, the city, plaintiff in said proceeding, paid into court the sum of $3,103,807.82, being the total amount of damages (less benefits), adjudged by the court for all property to be taken or damaged, and with said deposit filed a "memorandum" or statement stating that the deposit was made as "all the damages sustained by the parties owning or claiming an interest in the several properties appropriated and damaged, . . . according to the finding and judgments of this court entered herein on the 17th day of May, 1932; such payment and deposit being for and to the use of the respective defendants named in each item of the commissioners' reports heretofore filed . . . or to any other persons who may appear to be entitled thereto, in accordance with said judgment accordingly as said parties shall be found entitled thereto by this court on motions for distribution." The "memorandum" then designated the respective sums deposited for each property owner. For this defendant the sum specified was "Award No. 22 . . . To Blanke-Wenneker Candy Co., a corp., Lessee, in the sum of $85,000.-00." The deposit included no interest on the $85,000.

After the affirmance by this court of said circuit court judgment and on May 14, 1935, defendant, by its liquidating trustees, filed in the circuit court a petition or motion asking the court to order paid to them for defendant said award of $85,000, with interest thereon at six per cent per annum from May 17, 1932, the date of the judgment, to April 16, 1935, the date of its affirmance by this court. On May 17, 1935, plaintiff filed answer to said petition, denying defendant's right to said award or any part thereof or interest thereon, on the ground that the receivers of defendant, while in charge, had sold and removed "substantially all of the property and effects" of defendant and received and kept the proceeds, and defendant was therefore not entitled to the award. The answer alleged that plaintiff, upon paying into court the $85,000 award became entitled to said "trade fixtures" and to possession thereof and had been deprived thereof by the act of the receivers in selling and removing same;—in effect an allegation that plaintiff had never obtained possession. Said answer further asserted that plaintiff was entitled to said $85,000. On December 10, 1936, the court granted said petition of the liquidating trustees, allowing interest as prayed. Defendant, through its liquidating trustees, received the $85,000. No point is made on this appeal as to said principal sum. Plaintiff appealed only from the allowance of interest.

By statute, Section 2841, Revised Statutes 1929 (Mo. Stat. Ann., p. 4628), money due upon a judgment or order of court draws interest "from the day of rendering the same until satisfaction be made by payment, accord or sale of property," the rate allowed being six per cent per annum except where the judgment is upon a con-

tract bearing a higher rate. It is conceded in this case that the judgment entered by the circuit court May 17, 1932, was a final judgment within the purview of said statute and bore interest at six per cent per annum from date of its rendition, wherefore we need not cite decisions sustaining those propositions. It is also conceded that either party might appeal from such judgment. The parties differ somewhat as to the effect of the appeal taken by the city. Appellant says that respondent could have withdrawn the money pending the appeal and if the money had not been paid into the registry of the court could have enforced payment by execution. It cites Chicago, S. F. & C. Ry. Co. v. Eubanks, 130 Mo. 270, 32 S. W. 658, St. L. Oak Hill & C. Ry. Co. v. Fowler, 113 Mo. 458, 20 S. W. 1069, Ibid., 142 Mo. 670, 44 S. W. 771, and like cases based upon the statute providing for condemnation by railroad and telegraph companies, which, as respondent contends, differs from the law governing condemnation proceedings by the City of St. Louis in respect to the time when execution may issue to enforce payment of the assessment. Under the railroad condemnation statute the commissioners appointed by the court to assess damages are to file their report with the clerk of the court, whereupon the company shall pay to the clerk the amount assessed, for the party in whose favor assessed, and on making such payment may take possession of the property, and if it fails so to pay the court may, on motion and notice by the party entitled to the damages, enforce payment by execution, unless the company "within ten days from the return of such assessment" elects in writing, filed with the clerk, to abandon the proposed appropriation of the property. [Sec. 2736, R. S. 1889, Sec. 1342, R. S. 1929, Mo. Stat. Ann., p. 1539.] Subsequent proceedings, such as hearing of exceptions and appeals therefrom, affect only the damages awarded. Under the charter of the City of St. Louis, Article XXI, Section 8, there is no requirement of payment to the clerk till the court has approved the commissioners' report and rendered final judgment thereon, whereupon the judgment is certified to the city comptroller. The comptroller *may* forthwith, and *if no appeal be taken from the judgment, shall,* at the expiration of the time for such appeal, forward a copy of the judgment to the Board of Aldermen. Within sixty days after receipt of such copy, "unless an appeal is pending, and in no event later than sixty days after disposition of all appeals," said board is required to appropriate money for payment of the damages as determined by the judgment and the city treasurer, on warrant of the comptroller, shall cause payment to be made to the parties entitled thereto or into court for their use. The charter then provides that if the Board of Aldermen fails to make the requisite appropriation "the judgment for damages shall be collected by the owners concerned as other judgments against the city

are collected." It thus appears that only after appeals have been determined and the Board of Aldermen has failed to appropriate the necessary money within the time limited can the property owner enforce payment by execution. The city charter does not expressly provide for an appeal from the final judgment approving the commissioners' report, but by clear implication it recognizes that the right exists under general statutory provisions (see Sec. 1018, R. S. 1929, Mo. Stat. Ann., p. 1286). Such appeal stays execution, Section 1022, Revised Statutes 1929 (Mo. Stat. Ann., p. 1299), when the appellant "shall be . . . a city. . . ."

While it thus appears that respondent could not have compelled the city to pay until its appeal had been determined, on the other hand the city could not take possession of the condemned property until it had paid the assessed damages to respondent or into court for it. [Constitution of Missouri, Article II, Sec. 21; Ring v. Mississippi River Bridge Co., 57 Mo. 496.] But if the city wished to become entitled to take possession pending its appeal we see no reason why it could not voluntarily pay the money into court pending the appeal, provided it paid the full amount due and without condition or reservation. In such case the city would be entitled upon such payment to take possession of the condemned property, charter of St. Louis, Article XXI, Section 6, and the property owner should have the corresponding right to withdraw and use the money, either party being required to pay the excess in its favor should a different amount of damages be ultimately awarded. [Charter, Art. XXI, Sec. 8.]

In Snyder v. Cowan, 120 Mo. 389, 25 S. W. 382, it is said, 120 Mo. l. c. 395, "When the Constitution says that unless the amount of damages awarded by the commissioners shall be paid to the owner, or into the court for the owner, it means a payment without any reservation or conditions, otherwise it would be no payment at all. Until this is done the land of the citizen cannot by the exercise of the right of eminent domain, be taken and appropriated to public uses without his consent and against his will." That case grew out of the condemnation of land under the law governing condemnation by railroad companies. The company had paid into court for the owner the damages assessed by the commissioners and had taken possession of the land. The court held that the money thereupon became the property of the landowner and that the railroad company no longer had any right to withdraw it or any control over it. The court also quoted the statute we have above referred to providing that if the company failed to pay as and when therein provided payment could be enforced by execution.

St. Louis, K. & N. W. Railroad Co. v. Clark, 119 Mo. 357, 24 S. W. 157, also holds in effect that the payment must be unconditional,

but quotes approvingly (119 Mo. 1. c. 370), from a Georgia case, "The landowner, no matter which party appeals, may accept the tender, at the peril of having to refund in case the award is reduced on the trial of the appeal, and the corporation may pay, enter and go to work, at the peril of having its provisional title defeated, as by a condition subsequent, if it should fail to pay any additional amount recovered against it by final judgment on the appeal." In the same case, 119 Mo. 1. c. 372, it is said that where payment is required by the constitution it is satisfied by a tender, and (1. c. 369) that a deposit in court upon a condition is not a sufficient tender to satisfy the constitution but that an unconditional payment into court, for the use of the landowner, is equivalent to a tender. The Clark case was also under the railroad condemnation statute.

Chicago, S. F. & C. Ry. Co. v. Eubanks, supra, also proceeds on the theory that when, in a railroad condemnation proceeding, the railroad company, pursuant to the governing statute, has paid into court for the landowner the damages assessed by the commissioners and has taken possession of the condemned land, the money so paid belongs to the landowner and he is not entitled as against the railroad company to interest thereon, it being his money to take and use if he pleases. To like effect see St. Louis Oak Hill & C. Ry. Co. v. Fowler, 113 Mo. 458, 20 S. W. 1069, supra.

In Martin v. City of St. Louis, 139 Mo. 246, 41 S. W. 231, the city condemned property for street purposes. The title to Martin's land was in dispute as between him and one Green, and there was a partition suit between them pending. The city declined to pay the money for that strip of ground, either to Martin or into court, on the ground that it did not know to which of the contestants in the partition suit it belonged. Martin prevailed in the partition suit, being therein adjudged to be the owner. He was held to be entitled to interest in full from the date of the judgment in the condemnation proceeding. The city admitted owing for the land and the court held that it should have paid the money into court for the benefit of the successful claimant, the ownership of the property being in controversy.

In the instant case the city denied owing anyone for the "trade fixtures" in question and asserted that the whole award of $85,000 should be returned to it. It had resisted defendant's claim *in toto* on its appeal from the original judgment. Whether or not this and the other facts and circumstances we have pointed out, and the difference between the statutory provisions governing condemnation by railroad companies and the charter provisions of the City of St. Louis, differentiate this case from those we have referred to and call for the application of different principles in determining the issue as to interest might present a question requiring some discussion but

it is one we need not here determine for in any event we think the judgment must be affirmed on other grounds.

Appellant says that when it paid the $85,000 into court for defendant it satisfied the judgment. But it did not thus satisfy the judgment because the amount paid in was not the full amount then due. The judgment bore interest from the date of its rendition, as appellant concedes. It admits in its brief here that defendant was entitled to interest from the date of the judgment, May 17th, to the date of the deposit, May 25th. The amount is small, about $113, but that can make no difference in the effect of the deposit as satisfaction or tender. It is plain from the memorandum filed by appellant with its deposit, part of which we have quoted, as well as from its present contention of having satisfied the judgment, that said deposit was made and tendered as payment in full. Payment or tender of less than the amount due thereon did not *satisfy* the judgment. "Except where a valid release is given, or there is a lawful agreement otherwise providing, a judgment may be satisfied or discharged only by payment in full with accrued interest and costs." [2 Freeman on Judgments (5 Ed.), sec. 1118. See also, 34 C. J., p. 688, sec. 1059.] Considered as a tender (Clark case, supra), the amount tendered was insufficient. In order that the rules relating to tender may be available there must be a tender of the full amount due, 34 Corpus Juris, page 689, section 1061, including interest. [62 C. J., p. 661, sec. 7.] "As a general rule the insignificance of the deficiency is immaterial." [62 C. J., p. 661, sec. 6.] In 26 Ruling Case Law, page 652, section 34, it is said that to have the effect of stopping the accrual of further interest the amount tendered must be the full amount due. "A tender to be effective for any purpose must be of the full amount due, including interest and costs." [2 Freeman on Judgments (5 Ed.), sec. 1119.] [See, also, Rauer's Law & Collection Co., Inc., v. Sheridan Proctor Co., 40 Cal. App. 524, 181 Pac. 71 (tender lacked very small amount of interest due which was not included in deposit made); Wright v. Behrens, 39 N. J. L. 413 (very small deficiency).] And the person to whom the tender is made must accept it as made or reject it. [26 R. C. L., p. 641, sec. 21; Haeussler v. Duross, 14 Mo. App. 103; Adams v. Helm, 55 Mo. 468.]

We have pointed out that the $85,000 was deposited in court as the full amount to be paid to defendant. Plaintiff never at any time tendered or offered to pay the interest due. Had defendant withdrawn the money, without any agreement or understanding as to the interest due, in other words accepted the tender as made, we think in the circumstances of this case, its claim being disputed, it would have precluded itself from thereafter recovering the interest. In Haeussler v. Duross, supra, the defendant admitted owing the plaintiff a certain sum which he tendered to the plaintiff before suit and

later deposited in court for the plaintiff. The court ordered the clerk to pay the money to the plaintiff which was done, the plaintiff accepting it. On appeal he contended that he had a right to accept the money *pro tanto* and continue the litigation. The Court of Appeals said, 14 Mo. App. l. c. 106:

"But a tender must be accepted as made. The payment of money into court had the effect of a tender; and if the money is taken out of court by plaintiff, when expressly offered as in full of plaintiff's claim, plaintiff cannot afterwards say that the tender was accepted, not as made, in satisfaction of the entire demand, but merely as a payment on account."

Adams v. Helm, supra, is similar, holding that the defendant therein was required either to refuse the tender or accept it on the terms as made. "She had no right to accept the tender and prescribe the terms of her acceptance." [See, also, St. Joseph School Board ex rel. Donovon v. Hull, 72 Mo. App. 403.]

For the reasons indicated the deposit of the money in court did not stop the running of interest. The judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:— The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.