**MAYOR, COUNCILMEN AND CITIZENS OF CITY OF LIBERTY, Missouri, Respondents,**

v.

**James Collier BOGGESS, Appellant.**

**No. 23320.**

Kansas City Court of Appeals.

Missouri.

June 5, 1961.

---

Burrus & Burrus, Rufus Burrus, Independence, for appellant.

William E. Turnage, Liberty, for respondents.

BROADDUS, Judge.

This is an appeal by the defendant, James Collier Boggess, from the trial court's order overruling his motion to direct the Clerk of the Circuit Court of Clay County to issue an execution for interest upon a judgment for an award in condemnation.

The instant dispute arises from the following facts: On February 1, 1957, the City of Liberty passed an ordinance to appropriate two lots belonging to defendant Boggess for use as off-street parking. On June 10, 1957, commissioners awarded damages in the sum of $48,720 and defendant filed exceptions. On February 17, 1958, there was a jury verdict and judgment for $52,000 for defendant. On February 24, 1958, defendant filed a motion for new trial, which was overruled on March 17, 1958. Two days later defendant took an appeal to the Supreme Court. That court held that it had jurisdiction since defendant claimed damages in an amount exceeding $85,000, and thus the amount in dispute exceeded $7,500, the then jurisdictional limit of this court. On March 9, 1959 the Supreme Court handed down its opinion affirming the judgment of the Circuit Court. See Mayor, Councilmen and Citizens of City of Liberty v. Boggess, Mo., 321 S.W.2d 677.

Prior to the Supreme Court's ruling and on June 10, 1958, the city deposited $52,000 with the Circuit Court for the benefit of defendant and as payment of the jury award. Defendant continued to retain possession of the property, collecting the rents therefrom, and did not withdraw any of the deposited fund.

Then on August 4, 1958, the city filed its petition wherein it sought a mandatory injunction restraining defendant Boggess from interfering with the possession of the city to the lots involved. And on February 6, 1959, the Circuit Court awarded to the city the relief prayed for. Thereupon defendant took an appeal to this court where, on January 11, 1960, the action of the Circuit Court was upheld. See Mayor, Councilmen and Citizens of City of Liberty v. Boggess, Mo.App., 332 S.W.2d 305. In that proceeding defendant filed a motion for rehearing, which we overruled on March 7, 1960.

Thereafter, and on March 29, 1960, defendant filed in the Circuit Court his motion asking that Court to direct its clerk to issue an execution for interest on said $52,000 judgment from the date of its rendition, to-wit: February 17, 1958. As

stated, the Circuit Court denied his request and this appeal followed.

Prior to the decision in the case of State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis, 234 Mo.App. 209, 115 S.W.2d 513, all of the cases decided by our appellate courts involving the payment of interest in condemnation proceedings arose where the *judgment debtors* had appealed. In the State ex rel. v. City of St. Louis case (one in condemnation) the *judgment creditor* appealed, as did defendant Boggess, also a *judgment creditor*. That well reasoned opinion clearly points out why the rule is different where the *judgment creditor* appeals. We quote the following from that opinion (115 S.W.2d loc. cit. 515, 516):

"The underlying theory upon which interest is allowed on money judgments is that from the moment of the entry of the judgment the amount thereof is due from the judgment debtor, with the necessary consequence that the latter is thereafter in default until the judgment is satisfied, and is therefore required to pay interest on his debt as compensation for his further retention and use of the judgment creditor's money. But such exaction of interest obviously implies that the judgment creditor is standing upon the amount of the judgment as the amount which is then due him from his judgment debtor, and that any delay in satisfaction of the judgment, as by an appeal therefrom, is solely occasioned by the act of the judgment debtor himself, who seeks by his appeal to obtain a reversal of the judgment which has been rendered against him.

\*　\*　\*　\*　\*　\*

"While the precise question of whether a judgment debtor is relieved from liability for the payment of interest during the period of the judgment creditor's appeal would seem to be one of first impression in this state, we do not understand that there is anything in either the general interest statute or the specific charter provision which precludes their construction in accordance with the general rule that a party who unsuccessfully appeals from a judgment in his favor is not entitled to interest pending his appeal. It is true that neither the statute nor the charter make such express provision, but the reason for this is obvious. Both the statute and the charter were written with the idea of compensating the judgment creditor for the judgment debtor's delay in satisfaction of the judgment, and with this matter primarily in contemplation, the result was that no direct attention was given to the unusual situation where it is the judgment creditor himself who appeals the case and is thereby responsible for the delay in its final termination.

"But even though the statute and charter do not expressly relieve the judgment debtor from liability for interest pending the judgment creditor's appeal, we think that no other construction of them would be consistent with the intent implied in their enactment. The theory is that when a money judgment is entered by the court, the amount of it is then due from the judgment debtor, and that if he delays satisfaction, he must pay interest on his debt as in other cases of detention of money due. But how can it be said that the amount of the judgment is due from the judgment debtor as a fixed and settled obligation when the judgment creditor himself appeals to a court of appellate jurisdiction to have that very judgment set aside upon the ground of error in its rendition? No act upon the part of the judgment debtor, as by tender of the amount of the judgment, could foreclose to the judgment creditor the right to appeal from the judgment, nor could the court which has rendered the judgment note satisfaction of it on its records so long as the appeal was pending. When it is the

judgment creditor himself who creates the situation whereby the judgment may not be satisfied and the judgment debtor discharged, he is in no position to insist that there is any money due upon the judgment, and until the money is due upon the judgment, there is no authority for exacting interest upon the theory of a default in satisfaction of it."

The above holding has been consistently followed. See In re Thomasson's Estate, Mo.Sup., 192 S.W.2d 867, 869; Komosa v. Monsanto Chemical Co., Mo.App., 305 S.W. 2d 506, 512; Mo.Sup., Same case, 317 S. W.2d 396, 398.

The two cases chiefly relied upon by defendant (City of St. Louis v. Senter Commission Co., 343 Mo. 1075, 124 S.W.2d 1180, and City of St. Louis v. Richardson, Mo. Sup., 281 S.W. 395,) are not in point. In each of those cases the appeal was taken by the city, the *judgment debtor*.

The judgment is affirmed. All concur.