# Frank *v.* Pickens.

## *Detinue.*

| | |
|---|---|
| 69 | 369 |
| 95 | 169 |
| 95 | 330 |
| 69 | 369 |
| 98 | 642 |
| 69 | 369 |
| 103 | 514 |
| 69 | 369 |
| 121 | 647 |
| 69 | 369 |
| 137 | 394 |

1. *Mortgage of personal property; payment of debt an extinguishment of mortgagee's title.*—The payment of the debt secured by a mortgage of personal property, whether made before or after the law day, operates an extinguishment of the title of the mortgagee; and such payment is recognized, and the extinguishment is as operative, in a court of law, as in a court of equity; and upon such payment the mortgagor may maintain trover or detinue.

2. *Mortgage of personal property; whether tender of mortgage money an extinguishment of mortgagee's title—quere.*—The weight of authority is, perhaps, that a tender of the mortgage money, made after default, and after the mortgagee has taken possession, will not extinguish the title of the mortgagee under a chattel mortgage; but the question is left undecided in this case.

3. *A tender of payment, to be effectual, must be kept good.*—A tender of payment of the mortgage debt, however, whether made before or after the law day, can not operate to extinguish the title of the mortgagee under a chattel mortgage, unless it is kept good. The tender having been made, the duty rests and continues upon the party making it, to keep the money safely, and be ready to pay it over whenever the other party may manifest his willingness to accept it; and if he neglect this duty, or disable himself from performing it, he thereby abandons his tender.

4. *Rule when benefit of tender is claimed in court.*—When the benefit of a tender of payment of a debt is claimed in court, the money must be produced and placed in the custody of the court, so that, if the tender is adjudged good, the money may be awarded to the party to whom it is then ascertained to rightfully belong.

5. *When tender of payment is insufficient.*—Where, on the trial of an action of detinue brought by a mortgagor to recover personal property conveyed by the mortgage, upon a tender of payment of the debt secured thereby, made before the commencement of the suit, fifty dollars was

24

deposited with the clerk—sixty dollars having been tendered before suit brought, and the evidence showing that at least the latter amount was due on the debt—and after some evidence had been introduced, ten dollars was added, making sixty dollars in all,—the tender originally made by the mortgagor was not thereby kept good, but was abandoned. No party can thus speculate on the evidence, and defer payment until it is disclosed what is the least sum he can pay, according to its weight or its tendencies.

APPEAL from Conecuh Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
The facts are stated in the opinion.

STALLWORTH & BURNETT, for appellant.

FARNHAM & RABB and P. D. BOWLES, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—This is an action by a mortgagor against the assignee of the mortgage for the recovery in specie of chattels. After the law day of the mortgage had passed, and there was continuous default in the payment of the mortgage debt, the assignee, with a view to foreclosure by the exercise of the power of sale contained in the mortgage, took possession of the chattels, and was proceeding to exercise the power. The mortgagor caused or procured a tender to be made to the assignee of the sum of sixty dollars, which he claimed was sufficient to pay the mortgage debt, and all legal or equitable charges. The tender was refused, and the assignee declined, stating the sum which would satisfy the debt and charges, and refused to deliver possession of the property, insisting upon making sale in pursuance of the power. On the trial the plaintiff produced and filed with the clerk of the court fifty dollars in money, and after some evidence was adduced, added ten dollars to it. There seems to have been no controversy that sixty dollars was the least sum which would redeem the property, while the defendant insisted a larger sum was necessary. The instructions given by the Circuit Court are based on the proposition, that a tender of the mortgage debt, and of legal and equitable charges, after the law day of the mortgage, and the mortgagee or his assignee has taken possession because of default in payment of the mortgage debt, will not divest the legal title and authorize the mortgagor to maintain detinue or the corresponding statutory action for the recovery of chattels. The instructions refused are based on the converse of this proposition.

That payment of the debt secured by a mortgage of chattels,
VOL. LXIX.

whether made before or after the law day, operates an extinguishment of the title of the mortgagee, whether the payment is made in money, or by holding the mortgagee in possession to account for the use, income or profits, was settled in this court at an early day. The payment is recognized, and the extinguishment is as operative in a court of law, as in a court of equity; and the mortgagor may maintain trover or detinue for the recovery of the chattels.—*McGowen v. Young*, 2 St. and Port. 160; *Hamer v. Harrell*, *Ib.* 323; *Deshazo v. Lewis*, 5, *Ib.* 91; *Harrison v. Hicks*, 1 Port. 423; *Brown v. Lipscomb*, 9 Port. 472; *Sims v. Canfield*, 2 Ala. 555; *Geron v. Geron*, 15 Ala. 558; *Shiver v. Johnston*, 62 Ala. 37. But an action can not be maintained against the mortgagee, nor can a recovery by him in detinue be defeated or lessened, by proof of partial payment of the debt. Nothing less than payment of the entire debt, and all just charges will enable the mortgagor to recover the chattels of the mortgagee, or defeat his recovery in detinue. In trover by the mortgagee against the mortgagor, or against one claiming under him, the rule is different, and on proof of partial payment, the recovery by the mortgagee may be limited to the amount of the debt actually due, secured by the mortgage.—*McGowen v. Young*, 2 Stew. & Port. 160; *Bell v. Pharr*, 7 Ala. 807; *Morrison v. Judge*, 14 Ala. 182. The principle of these cases is, that the title of the mortgagee is in its very nature conditional and defeasible. If the debt is paid on or before the law day, the condition of the mortgage is satisfied, the title defeated by the terms of its creation. The acceptance of payment subsequently is a waiver of the breach of the condition and forfeiture by the mortgagee, for whose benefit the condition was reserved, and is conclusive evidence of his assent to the extinguishment of his title. The payment may rest wholly in parol, but the title to personal property may be created or extinguished by parol.—*Acker v. Bender*, 33 Ala. 230; *Morrow v. Turney*, 35 Ala. 131.

The question involved in the instructions as to the effect of a tender of the mortgage debt, after default, and after the mortgagee or his assignee has rightfully taken possession of the chattels, has not been heretofore directly presented to this court. Speaking of it, the court, in *Sims v. Canfield*, 2 Ala. 555, said: "It is very possible, as the law of mortgages is understood at this day, that a tender of the money due, if made before the mortgagee acquires possession, after a default in the condition, may destroy the title of the mortgagee. However this may be, we find no adjudicated case which determines that a title once vested by possession and default, can be divested by a mere tender." The weight of authority is, perhaps, that a tender of the mortgage money, made after default, and after the

[Frank v. Pickens.]

mortgagee has taken possession, will not extinguish the title of the mortgagee. Payment operates an extinguishment because its acceptance is a waiver of the breach of the condition, and of the consequent forfeiture. But generally it is considered that a tender can not have that effect. When declined there is a refusal to waive the forfeiture; and whatever may be the risks or liabilities the mortgagee may incur, if the chattels should perish or deteriorate in value, is matter for consideration when he may seek the enforcement of the debt against the mortgagor personally, or when in a court of equity the latter may claim redemption. In view of our former decisions, we prefer to leave the question for the present undecided.

A tender before or after the law day, or before the mortgagee has taken possession, can not operate to extinguish the title of the mortgagee, unless it is kept good. There are authorities which hold that the title of a mortgagee of real estate may be extinguished by a tender of the mortgage debt, after default, and that the extinguishment will operate though the tender is not kept good. These authorities rest upon a theory of mortgages of real estate, which does not here prevail.— *Welsh v. Phillips*, 54 Ala. 309. A payment of the mortgage debt after the law day, without a re-conveyance from the mortgagee, or an entry of satisfaction on the registration of the mortgage, as required by the statute, will not in a court of law restore the fee to the mortgagor.—*Collins v. Robinson*, 33 Ala. 91 ; *Slaughter v. Swift*, 67 Ala. 494. A tender operates as a payment of a debt, and can operate as an extinguishment of the title of the mortgagee of chattels, for no other reason than that there was readiness and willingness to pay the debt, or to perform the condition of the mortgage, and that actual payment or performance was prevented by the wrongful refusal of the party to whom either was due, to accept it when tendered. The tender having been made, there is a duty resting upon the party making it, to keep the money safely, ready to pay it over whenever the other party may manifest his willingness to accept it. A neglect of the duty, or disabling himself from performing it, is an abandonment of the tender. And when the benefit of the tender is claimed in court, the money must be produced and placed in the custody of the court, so that if the tender is adjudged good, the money may be awarded to the party to whom it is then ascertained to belong rightfully.—*Smith v. Phillips*, 47 Wis. 202.

Upon the evidence of the plaintiff, and what occurred on the trial in the presence of the court, it is apparent the tender was not kept good. The trial was commenced and fifty dollars was deposited with the clerk, sixty dollars having been tendered before the commencement of suit. Some evidence having been

introduced, ten dollars is added, making sixty dollars, the sum he had previously tendered. A plea of tender, the statute re-quires shall be accompanied with the payment of the money to the clerk of the court. The party can not speculate on the evidence, deferring the payment until it is disclosed what is the least sum he can pay according to its weight or its tendencies. If there is error in any of the rulings of the Circuit Court, injury from them has not resulted to the appellant. Upon the undisputed evidence, he had not kept good the tender made, and upon the tender, his right of recovery in any event depended. If the present judgment were reversed, upon another trial, a judgment against him must be pronounced.

Affirmed.