# Hanson v. Todd.

*Action on Common Counts for Work and Labor Done, and Materials Furnished.*

1. *Plea of tender; acceptance of money paid into court*—When a tender before suit brought is pleaded (Code, § 2685), and the plaintiff neither demurs to the plea, nor takes issue on it, but accepts the money paid into court, the defendant is entitled to have the suit dismissed.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

McLEOD & TUNSTALL, for appellants, cited *Monyhan v. Moore*, 77 Amer. Dec. 468, note; *Park v. Wiley*, 67 Ala. 310; *Wright v. Young*, 70 Amer. Dec. 453; *Monroe v. Chaldeck*, 78 Ill. 429; *Haenssler v. Dumoss*, 14 Mo. Ap. 103; *Appleton v. Donaldson*, 3 Penn. St. 381; *Cain v. Gimon*, 36 Ala. 168; 51 Texas, 98; 45 Mich. 14.

BLACKWELL & KEITH, *contra*, cited 9 Bacon's Abr. 344–6; *Supply Ditch Co. v. Elliott*, 3 Amer. St. 586.

[Hanson v. Todd.]

CLOPTON, J.—The suit is for money due plaintiff for materials furnished and labor done in repairing the dwelling-house of defendant and an out-house, and erecting a fence around his lot. The only disputed question of fact is the amount due. In answer to the suit, which was commenced August 18, 1890, defendant filed a plea of tender of the amount claimed by him to be due, accompanied by the delivery of the money into court. Plaintiff, without demurring to the plea, or taking issue thereon, received, February 2, 1891, the money from the clerk, under the order of the court, and struck from the complaint the amount so received. Thereupon defendant moved to dismiss the suit at the cost of plaintiff. What is the legal consequence, when the plaintiff elects to take, and receives the money brought into court upon a plea of tender before suit commenced, is the controlling question presented by the record, and the only one necessary to be considered.

As a general rule, a debtor has no right to insist that his creditor shall, by the reception of the amount tendered, be precluded from claiming that a greater sum is due, and suing to recover the same. A tender on such conditions that its acceptance would constitute, or clearly imply, an admission by the creditor that it was in full of his claim, is invalid, and may be refused. The only effect of a tender refused, if pleaded and the truth of the plea established, is to stop the interest, and exempt the defendant from the costs of a subsequent suit. While a mere tender, though of the whole amount due, when unaccepted, does not operate to extinguish or satisfy the claim, yet, when made in full of the amount due, and accepted, without protest as to its sufficiency, the debt becomes extinguished. The creditor may reject a tender on condition that he receive it in full of his claim, but if he accepts it, he is bound by the condition, and will not be allowed to keep the money and repudiate the condition.—*Miller v. Holder*, 18 Ver. 337. A tender, if accepted, is accepted as made. The statute (Code, § 2685) requiring a plea of the tender of money to be accompanied by a delivery of the money to the clerk of the court, is declaratory of the general rule. A plea of tender, if in proper form, contains, substantially, the averment that the sum tendered and brought into court is the entire amount due plaintiff. The plea is in bar of, and, if proved, defeats any recovery. Bringing the money into court, on such plea, has all the effect of a tender on condition that the plaintiff receive the amount in full satisfaction of his claim. It is disembarrassed of the principle, that a tender can not be made in

[Hanson v. Todd.]

such manner that the reception of the money satisfies the creditor's demand. The object of the statute, in requiring a plea of tender to be accompanied by a delivery of the money to the clerk of the court, is, that it shall be placed in the custody of the court, so that it may be paid to plaintiff whenever willing to accept it, and put an end to the litigation, or may be awarded to the party to whom it is ascertained to belong rightfully.—*Frank v. Pickens*, 69 Ala. 369.

Though the money is produced, and placed in the custody of the court, it remains the property of the defendant, until either the plaintiff accepts it, or the truth of the plea is established; in either event, the court may order it paid to the plaintiff.—*Foster v. Napier*, 74 Ala. 393. So also, where the plaintiff voluntarily accepts the money paid into court, without contesting the sufficiency or truth of the plea, it thereby becomes his property; but its acceptance is upon the terms of the plea, that is, in full satisfaction and extinguishment of his claim.

When the benefit of the tender is claimed in court, the plaintiff may elect to receive it, and put an end to the litigation, or he may take issue on the plea, and contest the fact, validity and sufficiency of the tender. The voluntary reception of the money by plaintiff is tantamount to a confession or admission of the truth of the plea—equivalent to an acceptance of the money in satisfaction of his entire demand; he can not afterwards say that it was accepted only as a payment *pro tanto*. Under the common-law rule, if the plaintiff take the money which has been brought into court, on a plea of tender before suit, the proper judgment is, *eat inde sine die.*—9 Bacon's Abr. 339. The same result logically follows, when the plaintiff withdraws the money brought into court under the statute. In such case, if the plaintiff elects to take the money, the proper practice is for the court to order it paid to him, and render judgment against him for costs.—*Haeussler v. Dumoss*, 14 Mo. App. 103; *Monroe v. Chaldeck*, 78 Ill. 429. The motion of defendant should have been granted.

We have not considered whether the proof shows a valid tender, as no such question is raised by the record.

Reversed, and judgment rendered dismissing the suit at the costs of plaintiff.