# Gardner, *et al. v.* Black.

*Action of Damages for Breach of Contract; Plea of Tender; Acceptance by Plaintiff.*

1. *Plea of tender; acceptance of money paid into court.*—Where a plea of tender is interposed, accompanied by payment into court of the amount admitted to be due the plaintiff, with accrued costs, together with a plea of recoupment against the balance claimed, and the money paid into court is paid to the plaintiff on his motion, his acceptance of the amount so tendered and paid will be treated as a

[Gardner, et al. v. Black.]

full satisfaction of plaintiffs whole demand, and entitles the defendant to a dismissal of the complaint.

2. *Same.*—A plea of tender never goes to the whole of the plaintiff's demand, but is an admission to the extent of the amount tendered, and is a denial only of the balance of plaintiff's claim.

3. *When motion by defendant to dismiss may be made.*—A motion to dismiss the plaintiff's action, upon his acceptance of the amount paid into court by the defendant, is seasonably made, though a jury has been empannelled to try the cause, and though the money had been paid to the plaintiff under an order previous to the term at which the motion to dismiss is made.

APPEAL from Anniston City Court.
Tried before the Hon. B. F. CASSADY.

J. J. WILLETT, for appellant.—1. The court erred in overruling defendant's motion to dismiss plaintiff's cause of action. The money paid into court was paid to the plaintiff against the objection of defendant.—*Hanson v. Todd,* 95 Ala. 328. 2. The plaintiff is estopped from saying that the plea of defendant, accompanying his payment into court of the amount admitted to be due, is not a plea of tender. It was filed as a plea of tender and so designated in the plea itself; it was not demurred to by the plaintiff; and was so named by the plaintiff in his motion asking that the money paid into court under it be paid to him, and it is treated by the court as a plea of tender in its order directing the clerk to pay over the money to the plaintiff. Where issue is joined on a defective plea without testing its sufficiency by demurrer, evidence relevant to the issue can not be excluded. *McKinnon v. Lessley,* 89 Ala. 626; *Mudge v. Treat,* 57 Ala. 1; *Ga. Pac. R. R. v. Propst,* 90 Ala. 1. 3. While it is immaterial when the motion to dismiss was made, the bill of exceptions in this case shows that the motion was made as soon as the defendant had learned that the plaintiff had actually withdrawn the money.

JOHN F. METHVIN, for appellee.—1. The first plea of defendant was not a plea of tender, and his motion to dismiss plaintiffs' action came too late, being after issue joined on other pleadings. Pleadings are construed more strongly against the pleader.—*City Council v. Hughes,* 65 Ala. 201. After issue joined and presented to the jury they should be decided, and a motion to dismiss should not be considered.—*Walmerstadt v. Jacobs,* 16 N. West. Rep. 217. If defendant's plea was one of tender, his objection to plaintiffs taking the money was a withdrawal of his said plea.—*Carr v. Miner,* 92 Ill. 604.

[Gardner, et al. v. Black.]

McCLELLAN, J.—This action is by Black against Gardner and Goodwin. The complaint contains two counts. In the first the sum of nine hundred, seventy-one and 65-100 dollars is claimed as damages for the breach of a contract whereby the plaintiff had undertaken to build, and had built he alleges, a house for the defendants. The second count claims a like sum alleged to be due by account for material furnished and work and labor done by plaintiff in the erection of a certain house for the defendants.

Three pleas were interposed by defendants. In the first of these it is averred: "That said plaintiff, Joel Black, left the State of Alabama before the complaint was filed in this case and has not been within this State at any time since so that tender might be made to him, and that defendants are indebted to said plaintiff in the sum of one hundred and thirty-four and 44-100 ($134.44) dollars, and now bring the money into court together with the court costs incurred to date, which they pray the court may be taken and considered as a tender to said plaintiff of said amount." The second and third pleas are by way of recoupment against the balance of the amount sued for after deducting one hundred, thirty-four and 44-100 dollars, the sum admitted to be due and paid into court under the first plea.

The complaint was filed August 31, 1891, and the pleas were filed September 15, 1891. On October 12, 1891, plaintiff filed a replication to defendants second and third pleas, setting up that plaintiff's failure to complete the house within the time stipulated in the contract, which failure is made the basis of the damages sought to be recouped by those pleas, was due in part to necessary cessation of the work on account of inclement weather, and, for the rest, to the delay of defendants in providing certain of the material, &c., for the building, according to the terms of the agreement, and that the additional time complained of had been granted plaintiff by defendants in the manner provided in the contract. On this latter date the plaintiff also moved for an order directing the clerk of the court to pay to him the sum tendered and paid into court. The motion was granted, the money paid over accordingly and defendants excepted.

On December 16th, following, defendants moved to dismiss the cause out of court on the ground that plaintiff having withdrawn the money paid into court under the plea of tender, he thereby accepted that sum in full satisfaction of the claim laid in the complaint. This motion appears to have been made not until a jury had been empannelled for the trial but immediately thereafter, and upon the admission
    Vol. 98.

[Gardner, et al. v. Black.]

in open court of the receipt of the money by plaintiff, and his amendment of the complaint by reducing the claim therein asserted to the extent of the money so received. It does not appear, however, when the money was paid by the clerk to the plaintiff, further than at some time between October 12 and December 16, 1891. The motion to dismiss was overruled and the defendants excepted; the trial proceeded and judgment was rendered in favor of plaintiff for the balance claimed.

We are of opinion that the motion to dismiss was seasonably made. It was certainly interposed upon the instant that the fact of the withdrawal of the money was made to appear formally in the cause and court, and for aught that appears to the contrary, the fund may not have been withdrawn until that time. Moreover, conceding that plaintiff received the money immediately on the granting of his motion on October 12th, it may be that defendants either did not know the fact, or, knowing it, had no opportunity to avail themselves of it until the case came on again on December 16th. And, beyond all this, we do not conceive that the delay shown, even had defendants earlier knowledge and opportunity, was so unreasonable in itself, or when considered with reference to the fact that a jury had been empannelled to try the case, as to defeat the ultimate right to have the cause dismissed if the motion to that end was a meritorious one aside from the question of delay.

Was there merit in the motion? The fact that the plea of tender did not go to the whole of plaintiff's demand can be of no consequence whatever against the motion. These pleas never go to the whole claim asserted in the complaint. If they did, no necessity for interposing them could ever arise, as of course the plaintiff would always accept the sum tendered and the amount of costs accruing to time of tender. They, on the contrary, admit a part and only a part of the demand and are accompanied by the money necessary to discharge the part so admitted. The defendant says in effect, "I owe you so much of what you claim, and here it is; the balance of your demand I do not owe, and I will defend against it." It is manifestly immaterial upon what line the defense as to the residue of the claim may proceed; it may rest in payment, or in absence of obligation to pay in the first instance, or in a right to recoup against the demand items of damages arising from the misperformance of the contract upon which the demand is based. In all cases the proposition of the plea is to pay the plaintiff the sum named in satisfaction of the whole claim advanced in the complaint,

41-98

[Gardner, et al. v. Black.]

and if the proposition is accepted the result is complete liquidation of the demand, and this wholly irrespective of the grounds upon which the defendant declines to pay and proposes to deny his liability for the balance. If the defendants here prior to the suit had offered plaintiff $134.44 in full payment of all their liabilities under the building contract and the plaintiff had accepted the money, there of course could be no doubt but that he would thereby have lost all right he might otherwise have had to insist on the payment of a larger sum, however clear such right might originally have been, however frivolous may have been the grounds of defendant's objection to payment of the whole demand, and whatever line of defense he may have proposed taking against the demand as a whole—whether by recoupment against it or otherwise. And as has been directly adjudged by this court the withdrawal by the plaintiff of money paid into court on a plea of tender, stands upon the same footing and involves the same consequences as the acceptance of a tender made before suit brought in full satisfaction of the demand. The court, by Clopton, J. said: "A plea of tender, if in proper form, contains substantially the averment that the sum tendered and brought into court is the entire amount due plaintiff. The plea is in bar of and if proved defeats any recovery. Bringing the money into court on such plea has all the effect of a tender, on condition that the plaintiff received the amount in full satisfaction of his claim. It is disembarrassed of the principle that a tender can not be made on condition that a reception of the money satisfies the creditor's demand. The object of the statute in requiring a plea of tender to be accompanied by a delivery of the money to the clerk of the court is, that it . . . may be paid to plaintiff whenever willing to accept it, and put an end to the litigation, or may be awarded to the party to whom it is ascertained to belong rightfully.—*Frank v. Pickens*, 69 Ala. 369. Though the money is produced and placed in the custody of the court, it remains the property of the defendant until either the plaintiff accepts it or the truth of the plea is established. . . . Where the plaintiff voluntarily accepts the money paid into court without contesting the sufficiency or truth of the plea, it thereby becomes his property; but its acceptance is upon the terms of the plea—that is in full satisfaction and extinguishment of his claim. .

. . He can not afterwards say that it was accepted only as a payment *pro tanto*." And it was accordingly held that the withdrawal of the money by the plaintiff was a satisfac-

[Gardner, et al. v. Black.]

tion of his entire demand, and entitled the defendant to have the action dismissed.—*Hanson v. Todd*, 95 Ala. 328.

The case just cited is sought to be distinguished from the present one, and it is not only insisted that the doctrine it declares can not apply where the defense as to the balance of plaintiff's demand not tendered, is by way of recoupment, a proposition we have above held untenable, but also that the principle has no application here because the plea of defendants, which has been set out in full, is not a plea of tender. There are· several answers to this contention as it is now advanced. In the first place, the plea contains a prayer that it be taken and considered as tendering the sum named and accrued costs of suit to the plaintiff; and it was so considered and referred to throughout the case by court and counsel. If defective as such plea, it should have been demurred to, and its sufficiency should not have been confessed, according to the decision of this court in *Hanson v. Todd, supra*, by accepting the offer it presented. Moreover, the fact that there had been no tender before suit brought, did not, it would seem, deprive defendants of the right to tender the amount they conceived to be due, and accrued costs after suit brought, even had they neglected previous opportunity to make tender.—*Moynahan v. Moore*, 77 Am. Dec. 468, and notes; *Burt v. Dodge*, 13 Ohio, 131; *Weaver v. Nugent*, 13 Am. St. Rep. 792; *Smith v. Anders*, 21 Ala. 782. And certainly such tender may be first made by plea filed accompanied with the amount claimed to be due and accrued costs where a tender before suit could not be made because of the plaintiff's absence from the State. Notes to *Moynahan v. Moore, supra; Spoor v. Phillips*, 27 Ala. 193; *Trimble v. Williamson*, 49 Ala. 525; *Lehman, Durr & Co. v. Collins*, 69 Ala. 127. And the failure of plaintiff to demur to the plea on that ground was a confession of the sufficiency of its averments in respect of defendant's lack of opportunity to make tender before suit brought. In other words, and in brief, the plaintiff has fully committed himself to the sufficiency of the plea as one of tender and he must abide the consequences of accepting the money paid into court under it.

The trial court erred in overruling defendant's motion to dismiss the suit. The other questions presented by this record need not be considered. The judgment is reversed, and a judgment will be here entered dismissing the case.

Reversed and rendered.