## TURNER'S SONS v. LEE GIN & MACHINE CO.

### (*Jackson.* April 17, 1897.)

TENDER. *Extinguishes debt sued on and terminates suit, when.*

An action on an open account is terminated and the debt sued for extinguished, where the plaintiff accepts a sum, less than his claim, with costs, tendered and paid in by defendant as a full satisfaction of plaintiff's demand and accrued costs, without obtaining any modification of the terms of the tender by order of the Court or consent of the defendant.

Code construed: §§ 4647, 4661 (S); §§ 3636, 3650 (M. & V.); § 2926 (T. & S.).

Cases cited and approved: 98 Ala., 638; 95 Ala., 328; 69 Ala., 369; 55 Mo., 468; 14 Mo. Ap., 103.

Cases cited and distinguished: Keith *v.* Smith, 1 Swan, 92; McNairy *v.* Bell, 1 Yer., 502; Keys *v.* Roder, 1 Head, 20; Miller *v.* McKinney, 5 Lea, 93; Bank *v.* Ewing, 12 Lea, 608; 77 Am. Dec., 488.

---

### FROM SHELBY.

---

Appeal in error from Second Circuit Court of Shelby County. J. S GALLOWAY, J.

THOS. M. SCRUGGS and W. B. HENDERSON for Turner's Sons.

G. P. SMITH and H. G. WARINNER for Gin & Machine Company.

Turner's Sons *v.* Lee Gin & Machine Co.

WILKES, J. This action was brought before a Justice of the Peace of Shelby County upon an open account for 200 and interest. The warrant was taken out August 3, 1896.

On August 12, 1896, defendant appeared and paid to the Justice of the Peace $57, and the following minute entry was made by the Justice: " Be it remembered, that on this twelfth day of August, 1896, came James Lee, Jr., and tendered plaintiff $57, claiming that this is the whole sum due. Thereupon, plaintiff declined to accept the same, and the said James Lee, Jr., paid said $57 into Court upon a verbal plea of tender. On the next day, August 13, 1896, defendant appeared by attorney, and filed the following plea: " The defendant, James Lee, Jr., has tendered to the plaintiff the sum of fifty-seven dollars, and the same, together with the costs, has been accepted by plaint ff's attorney, and the defendant therefore prays that the suit herein be dismissed, and he go hence without future cost."

n August 17, 1896, the Justice of the Peace rendered judgment for the plaintiff against the defendant for $224 and costs. The judgment further proceeded to ecite, that "it appearing to the Court that James Lee, Jr., paid into Court, August 12, 1896, upon an oral plea of tender, $57, the judgment is credited with that sum paid over to the plaint ffs this day by the Court, leaving $167, for which sum, with interest until paid, execution will issue, and all costs." The defendant thereupon ap-

pealed to the Second Circuit Court of Shelby County.

On January 11, 1897, this cause was heard in the Appellate Court, before the trial Judge, without a jury, and a judgment was rendered reciting, among other things, that, at plaintiff's request, the Court first heard the cause on the plea of tender, and acceptance of same by the plaintiff's attorney, and, on hearing the testimony of plaintiff's attorney, the Court finds for the defendants on said plea of tender and acceptance, and that same is in bar of plaintiff's action herein. He then proceeds to give judgment for defendant, that he be discharged of the debt, and adjudges the costs against the plaintiff, so far as they accrued after the payment of the said money to the said Justice of the Peace. The plaintiffs, upon the hearing and when the judgment was rendered, offered to prove their claim in full, but the Court declined to hear it, holding that proof of the debt was inadmissible after acceptance by plaintiffs of the money paid into Court.

The plaintiffs have appealed to this Court and assigned as error that the Court erred in sustaining the plea and in holding as a matter of law that the acceptance from the registry of the Court by the plaintiffs of the moneys paid in by defendant under a plea of tender, barred the further prosecution of the suit for the balance of the debt sued on above the amount paid in by the defendant, and in declining to permit plaintiffs to prove their debt

Turner's Sons *v.* Lee Gin & Machine Co.

as sued for after striking from the demand the money paid into Court.

Upon the trial in the Court below the attorney of plaintiff was asked: "Did not the defendant tender you $57 and costs as the amount owing by him to plaintiffs and in a form satisfactory to you, and, with your assent, did he not pay same over to F. M. Guthrie, the Magistrate before whom the suit was pending?" To which he replied: "Yes, sir." He was then asked: "Did you not, on the same day or day after, request the said Guthrie to pay said money over to you, and did you not receive the same? To which he replied: "I did." The contention on behalf of plaintiff is that, after receiving the $57 from the Justice of the Peace, they had the right to pursue the collection of the balance of their account of $200 and interest, merely crediting their claim with the $57 as that much paid on account, and, in support of this view, counsel cites and relies upon Com. Dig., title Pleader, C. 10; Tidd's Prac., Secs. 619, 620, 627, 630; *Boyden* v. *Moor*, 5 Mass., 364; *Williams* v. *Ingersoll*, 12 Pickle, 345; *Murray* v. *Bethune*, 1 Wend., 191; *Sleght* v. *Rhinelander*, 1 John., 192; *Spaulding* v. *Vandercock*, 2 Wend., 431; *Johnson* v. *Columbian Insurance Co.*, 7 John., 315; *Goslin* v. *Hodson*, 24 Ver., 140.

"The rule of bringing money into Court was introduced in time of Charles II., to avoid the hazard and difficulty of pleading a 'tender.' In proper cases,

when the dispute is not whether anything, but how much, is due to the plaintiff, the defendant may have leave to bring into Court any sum of money he thinks fit, and the Court makes a rule that unless the plaintiff accepts it, with costs, in discharge of the action, it shall be struck out of the declaration and paid out of the Court to the plaintiff or his attorney, and the plaintiff upon the trial shall not be permitted to give evidence for the sum brought in." Tidd's Practice, *619.

"The motion for leave to bring money into Court is a motion of course, and should be regularly made before plea pleaded." *Id.*, *621.

"Bringing money into Court is, in general, considered as an acknowledgment of the right of action to the amount of the sum brought in. The plaintiff, therefore, on producing an office copy of the rule, is entitled to receive it at all events, whether he proceed in the action or not, and even though he be nonsuited or have a verdict against him." *Id.*, *624.

In speaking of nonsuiting, Tidd says: "When money is brought into Court, unless the plaintiff will accept it with costs in discharge of the suit, it is considered as paid before action brought, and struck out of the declaration; and the action proceeds as to the residue of the demand, in like manner as if it had been originally commenced for that only." *Ib.*, *624.

The practice of bringing money into Court, under the general rule, is as follows, to wit: "When money

Turner's Sons *v.* Lee Gin & Machine Co.

is brought into Court, the plaintiff either accepts with costs, in discharge of the suit, or proceeds in the action. In the former case, he should take an office copy of the rule and procure an appointment thereon from the Master or deputy to tax the costs, and serve the same on the defendant's attorney, or, in default thereof, it will be considered that the plaintiff intends to proceed in the action to recover a larger sum than that paid into Court. . . . If the plaintiff proceed in the action, the sum brought into Court is, by the terms of the rule, to be struck out of the declaration and to be paid out of Court to the plaintiff or his attorney; and upon the trial of the issue, the plaintiff shall not be permitted to give evidence of the same. In such case, if the plaintiff proceeds to trial otherwise than for nonpayment of costs, and does not prove more to be due to him than the sum brought in, the plaintiff, on the rule being produced, shall be nonsuited, or have a verdict against him and pay costs to the defendant. . . . But if more appear to be due him he shall have a verdict for the overplus and costs. . . . But the plaintiff is entitled to costs up to the time of bringing the money into court.'' Tidd's Practice, *Id.*

The case of *Keith* v. *Smith*, 1 Swan, 92, was tried in the Circuit Court in 1849, and decided by our Supreme Court in 1851. It was an action of assumpsit for work, labor, etc. The pleas were nonassumpsit and notice of set-off. There was no plea of tender at all. The parties

had been in cross litigation, and in the last suit defendant offered, as set-off, a judgment previously rendered in his favor, and, to avoid the effect of this set-off, plaintiff had tendered the amount of this former judgment, which was refused. It will be noticed that this case was decided before the Act authorizing payment of tender to the Clerk, taken from the Alabama Code of 1852, and while money could only be paid into Court by the debtor, under some rule made.

The syllabus is as follows: "*Tender in Court, how made.* To be available, a tender made in Court must be under a rule of Court, and accompanied by a payment of proper costs, up to that time." In such case, of course the payment into Court must be made upon the terms imposed by the rule. If the general rule is adopted, then the form and practice laid down by Tidd must be observed. If a special rule is made, then the payment must be in accordance with the terms imposed by the special rule. The Court said: "It seems that the plaintiff tendered the amount of this judgment to avoid it as a set-off, and the tender was refused; he then paid the money to the Clerk of the Court for the use of the defendant, but it was not received by the defendant. The facts in this part of the case are so indistinctly stated, that we cannot assume anything definite upon them. The object of the plaintiff, doubtless was, to avoid the effect of the set-off in reference to the matter of costs, now

Tnrner's Sons *v.* Lee Gin & Machine Co.

amounting to the sum of $540. But it does not appear that the money offered as a payment of the judgment, was paid into Court under an order or rule of the Court authorizing it to be done. If a party bring money into Court, he must do so under a rule of the Court, and upon payment of proper costs up to that time. The debt so paid will, thereupon, cease to form any part of the future litigation in that behalf, and the other party will be entitled to receive the money. 1 Tidd's Practice, 620. The proper practice in this respect seems not to have been adopted in the present case." Evidently the Court was here considering the practice of the payment of money into Court under the general rule as laid down by Tidd, and where the legal scope and effect of such payment was prescribed by the terms of the rule itself. See Caruthers' History of a Lawsuit, 226, note 2; Thompson & Steger's Code, § 2926, note. Such rule can have no application to the tender of money, and the payment thereof to the Clerk, under a statute which imposes no terms whatever, but leaves the effect of tender and acceptance to the general principles applicable to such cases.

Unquestionably, under the practice as thus laid down by Tidd, and followed in the case of *Keith* v. *Smith*, 1 Swan, 92, the rule of the Court, under which money was paid into Court, prescribed the terms upon which it was placed in Court, and the terms upon which it might be withdrawn, and

these terms would be such as the Court should see
proper to make.    We have already shown what the
general rule was when the Court did not prescribe
any special provisions or conditions.    And in many
cases the practice was as contended for by plaintiff,
to wit, that he might withdraw the amount paid
in, and continue his litigation for the balance claimed.
In such case, the amount thus withdrawn is stricken
from the claim, and, in the event the plaintiff is
successful to the full amount claimed, he only gets
judgment for the balance.    But, since the Code of
1858, the tender of money and payment into Court
is made under that statute, and not under a general
rule of Court.    This, of course, refers to payments
generally, and not to payments made under special
rules prescribing conditions and terms.    The provis-
ion of the statute is found in § 4647, Shannon's
Code, and is in these words: "A plea of tender of
money, or of a thing in action, shall be accom-
panied by a delivery of the money or thing in
action to the Clerk of the Court."    The form of
the plea is prescribed in § 4661, Subsec. 9, Shannon.
This statute is taken from the Code of Alabama of
1852, § 2245, and carried forward into its new
Code, as § 2685.    This section has received con-
struction in the Courts of Alabama in several cases,
and the exact practice involved in this case has been
considered and passed upon in critical and exhaustive
opinions.

In the case of *Gardner et al.* v. *Black*, 98 Ala.,

638 (1892–93), the statute was construed. This was an action on two counts, one for damages on breach of contract for failure to pay for building a house, the other on a *quantum meruit* for material, work, and labor, in the erecting of said house. There were three pleas, one of which was tender of a less amount, which was brought into Court with costs. On plaintiff's motion, the money paid into Court on the tender was paid over to him. Thereafter, defendant moved to dismiss the case upon the ground that plaintiff, having withdrawn the money paid into Court, on a plea of tender, thereby accepted the sum in full satisfaction of his complaint. Motion was overruled and defendant excepted. The trial proceeded and judgment was rendered for plaintiff, for the balance claimed, and defendant appealed. The Court, by McClellan, Judge, said: "Was there merit in the motion? The fact that the plea of tender did not go to the whole of plaintiff's demand, can be of no consequence whatever against the motion. These pleas never go to the whole claim asserted in the complaint. If they did, no necessity for interposing them could ever arise, as of course the plaintiff would always accept the sum tendered, and the amount of costs accruing to time of tender. They, on the contrary, admit a part, and only a part, of the demand, and are accompanied by the money necessary to discharge the part so admitted. The defendant says, in effect, 'I owe you so much of what you claim, and here it is;

the balance of your demand I do not owe, and I
will defend against it.' It is manifestly immate-
rial upon what line the defense of the residue of
the claim may proceed. It may rest in payment,
recoupment, etc. In all cases the proposition of
the plea is, to pay the plaintiff the sum named in
satisfaction of the whole claim advanced in the com-
plaint, and if the proposition is accepted, the result
is the liquidation of the demand, and this is wholly
irrespective of the grounds upon which the defend-
ant declines to pay and proposes to deny his lia-
bility for the balance. If the defendants here, prior
to the suit, had offered plaintiff $134 in full pay-
ment of all their liabilities under the building con-
tract, and the plaintiff had accepted the money, there
of course could be no doubt but that he would
thereby have lost all right he might otherwise have
had to insist on the payment of a larger sum, how-
ever frivolous may have been the grounds of de-
fendant's objection to payment of the whole demand,
and whatever line of defense he might have pre-
ferred taking against the demand as a whole, whether
by recoupment against it or otherwise. And as has
been directly adjudged by this Court, the withdrawal
by the plaintiff of money paid into Court on a plea
of tender, stands upon the same footing and involves
the same consequences as the acceptance of a tender,
before suit brought, in full satisfaction of the de-
mand." The Court then quotes from Judge Clop-
ton's opinion in *Hanson* v. *Todd*, 95 Ala., 328, and

cites *Frank* v. *Pickens*, 69 Ala., 369, opinion by Judge Brickell. The judgment was reversed and cause dismissed in Supreme Court.

In *Hanson* v. *Todd*, 95 Ala., 328 (1891), suit was for money due plaintiff for repair of dwelling house, etc. The only disputed question was the amount due. Defendant filed plea of tender of the amount alleged by him to be due, accompanied by delivery of money into Court. Plaintiff, without demurrer or issue, received the money from the Clerk under an order of the Court, and struck from the complaint the amount so received. Thereupon defendant moved to dismiss the suit at plaintiff's cost. This was refused; there was trial and appeal. The Court, speaking by Clopton, Judge, says: "What is the legal consequence when the plaintiff elects to take, and receives the money brought into Court upon a plea of tender before suit commenced, is the controlling question presented by the record, and the only one necessary to be considered. As a general rule, a debtor has no right to insist that his creditor shall, by the reception of the amount tendered, be precluded from claiming that a greater sum is due, and suing to recover the same. A tender on such conditions that its acceptance would constitute, or clearly imply, an admission of the creditor that it was in full of his claim, is invalid, and may be refused. The only effect of a tender refused, if pleaded and the truth of the plea established, is to stop the interest and exempt the de-

fendant from the costs of a subsequent suit. While a mere tender, though of the whole amount due, when unaccepted, does not operate to extinguish or satisfy the claim, yet, when made in full of the amount due, and accepted, without protest as to its sufficiency, the debt becomes extinguished. The creditor may reject a tender on condition that he receive it in full of his claim, but if he accepts it, he is bound by the condition, and will not be allowed to keep the money and repudiate the condition. *Miller* v. *Holder*, 18 Ver., 337. A tender, if accepted, is accepted as made. The statute (Code, § 2685), requiring a plea of the tender of money to be accompanied by a delivery of the money to the Clerk of the Court, is declaratory of the general rule. A plea of tender, if in proper form, contains substantially the averment that the sum tendered and brought into Court is the amount due plaintiff. The plea is in bar of, and, if proved, defeats any recovery. Bringing the money into Court on such a plea has all the effect of a tender on condition that plaintiff receive the amount in full satisfaction of his claim. It is disembarrassed of the principle that a tender cannot be made in such manner that the reception of the money satisfies the creditor's demand. The object of the statute, in requiring a plea of tender to be accompanied by a payment of the money to the Clerk of the Court, is that it shall be placed in the custody of the Court, so that it may be paid to plaintiff whenever willing to accept it, and put

Turner's Sons *v.* Lee Gin & Machine Co.

an end to the litigation, or may be awarded to the party to whom it is ascertained to belong rightfully. *Frank* v. *Pickens*, 69 Ala., 369. . . . When the benefit of the tender is claimed in Court, the plaintiff may elect to receive, and put an end to the litigation, or he may take issue on the plea and contest the fact, validity, and sufficiency of the tender. The voluntary reception of the money by plaintiff is tantamount to a confession or admission of the truth of the plea, equivalent to an acceptance of the money in satisfaction of his entire demand; he cannot afterwards say that it was accepted only as a payment *pro tanto*. Under the common law rule, if the plaintiff take the money which has been brought into Court, on a plea of tender before suit, the proper judgment is *eat inde sine die*. 9 Bacon's Abr., 339. The same result logically follows when the plaintiff withdraws the money brought into Court under the statute. In such case, if the plaintiff elects to take the money, the proper practice is for the Court to order it paid to him, and render judgment against him for costs. The motion of defendant should have been granted. Reversed, and judgment rendered dismissing the suit at plaintiff's costs.''

These Alabama cases are decided with reference to a statute of that State, precisely similar to our statute, directing that, upon a plea of tender, the money be paid to the Clerk of the Court.

In the case of *Adams et al.* v. *Helm*, 55 Mo.,

468 (1874), the plaintiffs were indebted to defendant in certain notes secured by trust deed on divers lots of land. The trust deed recited that defendant was to take notes secured by trust deed on lots sold in sums of $100 or less, to be received as cash. When the original notes fell due plaintiffs tendered in discharge of the balance due, notes secured by trust deed to the amount of $4,300. Defendant took the notes and deed, remarking that she would not receive them in satisfaction, but only as collaterals. Plaintiffs filed their bill to cancel their original notes, and to have satisfaction of original trust deed declared. The Court say: "The only material question is whether the tender and acceptance of the notes and trust deed securing the same, as made by plaintiffs, amounted to a payment or discharge of the balance of their indebtedness to the defendant. The tender was made on that express condition, and under a protest to that effect. It was defendant's duty either to refuse it or accept it on the terms made. She had no right to accept the tender and prescribe the terms of her acceptance. She should have refused the tender or returned the notes and deed of trust at the time, or she must be held to the terms of the tender as prescribed by the debtor."

The case of *Houslee* v. *Duross*, 14 Mo. App., 103, decided in 1883, is also in point. The suit related to the accounting of a trustee, to whom real estate had been conveyed for the benefit of creditors. The

Turner's Sons *v.* Lee Gin & Machine Co.

assignee of four creditors sued, because the trustee had not paid him what he claimed was due out of the proceeds of sale. The trustee tendered plaintiff, before suit, the amount he insisted was due, deposited the same in Court with his answer, and plaintiff withdrew. the money. It was held that "a plaintiff who so withdraws money, cannot afterwards claim that it was accepted merely as a payment on account. A plaintiff who, in accordance with the profert, accepts money paid into Court, in discharge of the demand sued on, thereby ends the suit, and is liable for all costs which accrue thereafter."

The Court say: "The object of this tender and payment into Court was to enable the plaintiff, if he saw fit, to accept the amount conceded by defendant to be due, so as to put an end to the litigation. Appellant contends that his acceptance of the money paid into Court is not to be taken as an admission that the rest of the demand was unfounded, and that he had a right to accept this money *pro tanto* and continue the litigation. But a tender must be accepted as made. The payment of money into Court had the effect of a tender, and, if the money is taken out of Court by the plaintiff, when expressly offered in full of plaintiff's claim, plaintiff cannot afterwards say that the tender was accepted not as made, in satisfaction of the entire demand, but merely as payment on account."

The Court then examined the various authorities relied on by plaintiff to sustain his contention, sev-

eral of which are relied on by plaintiffs in the pres-
ent case, and showed that such authorities, properly
construed, do not sustain plaintiff's contention, to wit:
*Story* v. *Kerson*, 55 Ind., 401; *Eslow* v. *Mitchell*, 26
Mich., 500; *Spaulding* v. *Vandercock*, 2 Wend., 431;
*Sleght* v. *Rhinlander*, 1 Johns., 192;. *Hilgard* v.
*Blowers*, 5 Esp., 69; *Johnson* v. *Insurance Co.*, 7
Johns., 315; 1 Tidd's Practice, 619, 626.

We have examined carefully the cases to which
we have been cited by counsel for plaintiff in his
able and exhaustive brief.    While they are not ex-
actly in point, the tendency of the cases cited, and
especially those from New York, is the direction of
his contention.    It would be useless to draw dis-
tinctions between those cases and the one now on
trial, as in any event we think the rule and practice
laid down and illustrated in the cases we have cited
is   the   better   rule   under   our   statute,   the   funda-
mental idea and basis of which is, that a defendant
tendering money and paying the same into Court does
so in full satisfaction and liquidation of the plaintiff's
demand, and, if accepted by plaintiff, must be so re-
ceived.

Coming to the facts of the case now on trial, it
is apparent that the amount paid in by defendant
was tendered and paid in as the full amount due to
the plaintiffs.    It is true that plaintiffs at the time
protested that more was due them, and declined to
accept the amount paid in as a full discharge of the
defendant's debt; defendant, however, did not waive

Turner's Sons *v.* Lee Gin & Machine Co.

or relinquish their requirement. The fund was paid in as full a discharge, and it could be drawn · out upon no other terms, in the absence of any rule of the Court or the consent of defendant. The plaintiffs applied for the money and received it, and now insist that it can be regarded as a payment only *pro tanto*, and that they have the right to proceed with their suit to recover the remainder of their claim. We are of opinion that when they applied for and received it they did so upon the condition on which it was deposited—that is, as a full discharge of defendant's debt. *Hansen* v. *Todd*, 95 Ala., 328; *Adams* v. *Helm*, 55 Mo., 468; *Houser* v. *Duross*, 14 Mo. App., 103; *Moynahan* v. *Moon*, 77 Am. Dec., 486, note; Am. & Eng. Enc. L., vol. 25, p. 927.

It is true the creditor may limit the terms of his acceptance, and, if the debtor assent thereto, he will not be precluded from receiving any additional sum he may show to be due, if he so provided (25 Am. & Eng. Enc. L., 927, notes 2 and 3), but he cannot prescribe the terms upon which it shall be received (*Id.*). And, in this case, there was no order of the Court defining the terms on which it was paid to plaintiffs and received by them. The theory of the law is that a tender which is not accepted is not equivalent to performance, and does not satisfy or extinguish the obligation nor bar an action upon it, but only stops interest and costs, if sufficient and kept good. 25 Am. & Eng. Enc. L., 924; *McNairy* v. *Bell*, 1 Yer., 502; *Keys* v.

*Roder*, 1 Head, 20; *Miller* v. *McKinney*, 5 Lea, 93; *Bank* v. *Ewing*, 12 Lea, 608; *Moynahan* v. *Moone*, 77 Am. Dec., 488, note. The money paid in becomes the property of the plaintiff, because it is an admission of indebtedness to the extent of the amount paid in, and the party paying it in loses all right to it. 25 Am. & Eng. Enc. L., 943. It remains, however, if not accepted, in custody of the Court as a continuing tender until the rights of the parties are settled, unless withdrawn by consent or under order of Court or taken as tendered. If withdrawn by consent or under order of Court, the order or consent fixes the terms of the withdrawal. If taken as tendered, then the terms of the tender control, and, unless drawn out by consent or under order of Court, it can only be taken as tendered, and, if taken, the plaintiff receiving it cannot claim to have taken it upon terms other than those imposed when tender is made. Upon final hearing, if the tender is found to be good and sufficient, it is a discharge of defendant from all liability for the debt and such interest and costs as shall have accrued after tender made. If not sufficient, then it is applied as a payment or credit upon the execution, judgment being rendered for the full amount to which the plaintiff is entitled. 25 Am. & Eng. Enc. L., 938, note; *Dakin* v. *Dunning*, 7 Hill, 30; 42 Am. Dec., 33.

It is argued that this imposes a hardship upon the plaintiff by holding that, while the amount paid

is his property, still, he cannot draw it out except upon condition that he surrender the balance of his claim. Again, while thus retained in Court, interest will cease and even the principal may be lost, and it will work a hardship to subject the plaintiff to such danger and loss. But it must be remembered that the money must be paid into Court in order to give the plaintiff the option to take it or refuse it. If not accepted, it must remain in Court until it shall be decided which party is correct in his contention. The loss of interest must necessarily fall upon some one, and it is but just that it should fall upon that party who is cast in the suit and who fails in his contention. As to what result will follow if the principal is lost, we need not now decide, as it is not involved in this case. All loss of interest or principal may be obviated by drawing out the fund on such terms as may be agreed on or as the Court may impose. In the absence of such terms or rule, the claim is discharged.

There is no error in the judgment of the Court below, and it is affirmed with costs.