In re Hugh Milo **HAYNES,** Debtor.

Larry **STEWART,** Trustee, Plaintiff,

v.

Christina M. **NORRIS,** Clerk and Master, Chancery Court of Davidson County, Tennessee, Tennessee Wholesale Drug Company, and, Hugh Milo Haynes, Defendants.

Bankruptcy No. 381–00021.
Adv. No. 383–0371.

United States Bankruptcy Court, M.D. Tennessee.

Oct. 13, 1983.

---

Larry Stewart, Nashville, Tenn., Trustee.

Dennis Meaker, Nashville, Tenn., for defendant, Tenn. Wholesale Drug Co.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This complaint was initiated by the trustee Larry Stewart to obtain the turnover of funds totaling $4,422.31 from the defendant Christina M. Norris, the Clerk and Master of the Chancery Court of Davidson County, Tennessee. Upon consideration of the evidence presented at the hearing, stipulations, exhibits, briefs of the parties and the entire record, this court concludes that the trustee's complaint for a turnover of these funds should be granted.

The following shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The debtor Hugh Milo Haynes filed a voluntary Chapter 7 bankruptcy petition in this court on August 12, 1981. Prior to this date, the debtor and Haynes Pharmacy, Inc., a corporation owned and controlled by the debtor, had filed a complaint for an accounting against the defendant Tennessee Wholesale Drug Company and Third National Bank of Nashville in the Chancery Court of Davidson County, Tennessee. Paragraph 8 of this complaint stated that "[a]ccording to the records of Haynes Pharmacy, Inc., the balance due to Tennessee Wholesale Drug Company, Inc. on January 28, 1980, is $4,395.31, which amount is herewith paid into the office of the Clerk of this Court. . . ." The plaintiffs requested in their complaint that the Clerk & Master prepare a report detailing all money paid to Tennessee Wholesale Drug Company by the plaintiffs and that this report show "balances due by the parties after allowing the defendants all just credits, and that a decree be rendered in favor of plaintiffs for said balance."

In its answer, Tennessee Wholesale Drug Company admitted that the plaintiffs did owe them a sum of money on January 28, 1980, but denied that the amount owed was $4,395.31 as alleged in Paragraph 8 of the plaintiffs' complaint. The defendant also filed a counterclaim for damages arising from these business transactions.

The parties have stipulated that the debtor paid the $4,395.31 to the clerk. The Chancery Court did not enter any order regarding either the receipt or ultimate disposition of these funds.

During the course of this Chancery Court proceeding, Haynes Pharmacy,

Inc., filed a voluntary Chapter 11 bankruptcy petition in this court on March 11, 1980, which was dismissed without prejudice on August 26, 1981. The Chancery Court action was subsequently dismissed on October 13, 1981, shortly after the debtor filed his bankruptcy petition.

The trustee now seeks to recover $4,222.31 of the $4,395.31 deposited with the Clerk and Master.[1] He does not contest that the Clerk and Master's Office is entitled to the remaining $173.00 of this fund as court cost in the Chancery proceeding.

For several reasons, this court concludes that the money remained the property of the debtor pending final disposition of the plaintiffs' action for an accounting and, since this proceeding has been dismissed, the money should be turned over to the trustee as property of the estate. The debtor deposited this money with the Clerk and Master on his own volition pursuant to Tennessee Rule of Civil Procedure 67.[2] The court cannot infer from this action alone that the debtor intended to surrender his interest in these funds to the defendant.

While the complaint does state that the records of Haynes Pharmacy indicate that this amount was owed to Tennessee Wholesale Drug Company, the prayer for relief requests an accounting from the Clerk and Master showing the balances due by the parties and that "a decree be rendered *in favor of plaintiffs* for said balance." (emphasis added). This prayer for relief at the very least suggests that the debtor perceived that an accounting of the parties' business transactions would render a judgment in its favor. Furthermore, if the debtor had actually intended the payment of this money to be in settlement of Tennessee Wholesale Drug Company's claim, then the debtor could have made an offer of judgment once the defendant asserted its counterclaim pursuant to Tennessee Rule of Civil Procedure 68.[3] Instead, the debtor in his answer denied the defendant's allegations and requested that the counterclaim be dismissed.

■ These circumstances mitigate against the defendant's contention that the payment of this money into court constitut-

---

1. Notice was served on the Clerk and Master, and she has interposed no objection to this court determining the owner of these funds.

2. Tenn.R.Civ.P. 67 provides in pertinent part:

    "67.01. *In an Action.*—In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party upon notice to every other party and by leave of court may deposit with the court all or any part of such sum or thing.

    . . . . .

    67.03. *Money Paid into Court.*—Where money is paid into court to abide the result of any legal proceeding, the judge may order it deposited in a designated state or national bank or savings and loan institution, to the credit of the court in the action or proceeding in which the money was paid. The money so deposited, with interest if any, shall be disbursed only upon the check of the clerk of the court pursuant to order of the court and in favor of the person to whom the order directs payment to be made. Upon making a deposit in court a party shall not be liable for further interest on the sum deposited."

    Rule 67 only allows the clerk to disburse money pursuant to an order of the court. Nevertheless, this court can order the clerk to turn

over these funds to the trustee since the district court, which has referred this case to this court pursuant to Adm. Order No. 28–8, possesses exclusive jurisdiction over these funds as property of the estate pursuant to 28 U.S.C.A. § 1471(e) (West 1979). *See White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983).

3. Tenn.R.Civ.P. 68 provides:

    "At any time more than ten (10) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property, or to the effect, specified in his offer, with costs then accrued. If within ten (10) days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereof, with the court and thereupon judgment shall be rendered accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in the proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all cost accruing after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

ed an irrevocable tender of payment to the defendant. The better rule is that such a deposit of funds is merely security for any judgment obtained by the defendant as a result of the plaintiffs' suit for an accounting. *See Caesar v. Capell*, 83 F. 403, 430 (C.C.W.D.Tenn.1897). *See also Lesh v. Johnston Furniture Co.*, 214 Ind. 176, 13 N.E.2d 708, 710–711 (1938); *Fleder v. Itkin*, 294 N.Y. 77, 60 N.E.2d 753, 754–755 (1945). (Both cases holding that statutes had abrogated common law rule that payment of funds into court represented an acknowledgement that such amount was due). This is especially true when the party making the deposit is seeking affirmative relief from the court, such as the petition for an accounting in this case. *See, e.g., Superior Oil Co. v. Sinton Independent School District*, 431 S.W.2d 383, 390–391 (Tex.Civ.App. 1968).

The defendant's reliance on *Jonathan Turner's Sons v. Lee Gin & Machine Co.*, 98 Tenn. 604, 41 S.W. 57 (1897), for a contrary result is misplaced. In that case, the Tennessee Supreme Court held that the defendant's tender of money into court pursuant to § 4661 of Shannon's Code would, if withdrawn by the plaintiff, satisfy the plaintiff's demand in the suit in full. The statute interpreted by the Tennessee Supreme Court has long since been repealed and, even if the statute were to be considered identical to Rule 67 which now governs deposits made into court, the case would still be inapplicable since the result was predicated on the defendant's admission that the debt was owed to the plaintiff and upon the plaintiff's acceptance of the defendant's tender. *Jonathan Turner's Sons v. Lee Gin & Machine Co.*, 41 S.W. at 59–61.

Accordingly, the court will enter an order directing the Clerk and Master to turnover the funds in the amount of $4,222.31, together with any earned interest, to the trustee.

IT IS, THEREFORE, SO ORDERED.