**In re Diana Pace BOONE, Debtor.**

No. 00–13576.

United States Bankruptcy Court,
S.D. Alabama.

Jan. 23, 2001.

Brenda Hetrick, Mobile, AL, for Debtor.

Kent McPhail, Mobile, AL, for Conseco Finance Corporation.

## ORDER CONDITIONALLY DENYING CONSECO FINANCE CORPORATION'S RELIEF FROM THE STAY

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the motion of Conseco Finance Corporation (Conseco) for relief from stay. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion for relief.

## FACTS

Debtor owned a homestead in Clarke County, Alabama, upon which Conseco had a valid first lien. On September 7, 2000, Conseco conducted a valid foreclosure sale of the property. It purchased the property at the sale. On September 11, 2000, Ms. Boone filed this bankruptcy case. The foreclosure deed was not filed in Clarke County until September 12, 2000.

After the bankruptcy filing, Conseco filed a relief from stay motion seeking possession of the property which Conseco asserts it now owns. Simultaneously, Conseco was also sending the debtor monthly statements requesting that the debtor send payments to Conseco or the bankruptcy trustee "according to the terms of your bankruptcy plan." Ms. Boone did send payments which were accepted by Conseco postbankruptcy and postforeclosure.

Preforeclosure, Ms. Boone testifies that she and Conseco had signed an extension agreement. She signed it and returned it to Conseco on August 15, 2000, together with a payment pursuant to the agreement. Conseco does not have the agreement in its file nor does it reflect that a payment was made. If the extension agreement was in effect, the debtor's next payment under the agreement was not due until September 25, 2000.

## LAW

There are two issues to be addressed in this case: (1) Was the foreclosure valid? (2) Does Conseco's acceptance of payments after foreclosure constitute a waiver of foreclosure or prevent Conseco from pursuing their rights due to estoppel?

## A.

According to case law, a foreclosure is concluded when the auctioneer so states or the hammer falls. *Cottrell v. U.S. (In re Cottrell)*, 213 B.R. 33 (M.D.Ala. 1997); *In re Moton*, Case No. 95–11773 (Bankr.S.D.Ala., December 19, 1995); *In re McKinney*, 174 B.R. 330 (Bankr. S.D.Ala.1994). In this case, the completion of the sale occurred before bankruptcy. Thus the title had passed to Conseco before bankruptcy and was not property of the estate. The debtor's postpetition payments were not payments of the entire default or debt and were therefore not sufficient to force a waiver of the foreclosure or constitute a redemption. *Frank v. Pickens*, 69 Ala. 369, 1881 WL 1162 (1881).

Did the signed extension agreement change that status? The parties disagree as to whether the extension agreement was fully executed by both parties. The debtor states that she signed it and returned it with a payment. However, Conseco has no proof of the agreement. If Ms. Boone wants to rely on the agreement as a defense, it is her burden to prove its existence. Her testimony and Conseco's are at odds. The evidence is in equipoise as the Court sees it. Ms. Boone needed more, e.g., a check or money order stub, a copy of the signed agreement, or a certified mail receipt to prove the existence of the agreement by a preponderance of the evidence.

Therefore, the Court concludes that the foreclosure sale was valid and title to the property at issue passed to Conseco at the conclusion of the foreclosure sale.

## B.

Even if the foreclosure sale is valid, did Conseco's postpetition actions estop Conseco from taking further steps to take possession of the property from the debtor? Ms. Boone asserts that Conseco's actions equitably estop them. Conseco accepted payments postpetition. The debtor relied on the notices sent to her and the payments accepted. Conseco cannot now assert a right to possession. Conseco argues that its actions do not rise to the level of waiver or estoppel.

Waiver is the intentional extinguishment of a known right. *Ulster Savings Bank v. Kizelnik (In re Kizelnik)*, 190 B.R. 171 (Bankr.S.D.N.Y.1995). The proof necessary to show it must be clear. Conseco must have knowingly undone the foreclosure. Ms. Boone must prove waiver occurred. *In re Krueger*, 192 F.3d 733 (7th Cir.1999). She did not produce any evidence of acceptance of the checks in lieu of foreclosure. The evidence could show mere negligence on Conseco's part, or a belief that Ms. Boone's payments were rent as easily as the evidence shows an intent to waive the foreclosure.

Estoppel is an equitable remedy and requires proof of four elements: (1) knowledge of the facts by the party to be estopped; (2) the estopped party must have intended its actions to be acted upon or the debtor must have a right to believe the creditor's conduct was so intended; (3) the debtor must have been ignorant of the facts; and (4) the debtor must have relied upon the other party's conduct. *Reeves Cedarhurst Development Corp. v. First American Fed. Sav. and Loan Ass'n*, 607 So.2d 180 (Ala.1992); *In re Kizelnik*, supra at 180.

In this case, Conseco knew about the bankruptcy case as evidenced by the notices to Ms. Boone. Therefore, its actions were done with knowledge.

The evidence is less clear about Conseco's intentions. It told Ms. Boone to send payments to it according to her plan. The plan, providing for direct payments to

**54**

Conseco of current payments, and for arrearages through the plan, was confirmed without objection by Conseco. There was no appeal of the confirmation order. The Court concludes that these facts, taken together, establish by a preponderance of the evidence that Conseco intended for the plan to continue, or at least that Ms. Boone had a right to assume that that was Conseco's intent.

Ms. Boone knew about the foreclosure, but also knew about the supposed executed extension agreement, the Conseco billings after her bankruptcy filing and about her payments. She was ignorant of the fact that Conseco intended to stand on its foreclosure because its conduct was inconsistent with that.

Ms. Boone relied on Conseco's letters and acceptance of money. She continued to send money, sending in two payments before this relief from stay was filed.

Ms. Boone's damage is that she paid Conseco and will lose her home if it can stand on its foreclosure.

The fact situation in this case is somewhat unique, but under the factors analysis for equitable estoppel, Ms. Boone meets all of the tests. Ms. Boone thought she had done everything required of her. Conseco's correspondence and acceptance of payments gave her cause to believe.

If Ms. Boone maintains her chapter 13 payments, she should be able to treat her debt as if the foreclosure had been undone and cure her arrearage. If her case is dismissed, or the stay lifted, Conseco should be able to proceed as if the foreclosure were completed. In essence, Ms. Boone will be on a strict compliance schedule due to Conseco's postforeclosure actions. If she does not live up to her plan obligations in total, then Conseco may treat the property as its own.

THEREFORE, IT IS ORDERED that the motion of Conseco Finance Corporation for relief from stay is DENIED provided that the stay will lift automatically without further action by this Court if Ms. Boone does not make any plan payment on a timely basis commencing with the February 2001 payment or Ms. Boone does not timely make any regular monthly mortgage payment commencing with her February 2001 payment.